| | |
|---|---|
| | uses, easements, appurtenances, assessments and provisions set forth or incorporated by reference in any of those documents, and all matters shown on the above referenced recorded plat and plans, are hereby incorporated by reference herein and constitute covenants running with the above described property to the extent set forth in said documents as provided by law. (Parcel ID NO. 128L/243/557-026). <br><br> These conveyances are made subject to all easements and restrictions of record. |
| L10 | The Fiftieth-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 139 Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as: <br><br> All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lot 16, Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. <br><br> Said property including any and all buildings, fixtures, and other property located thereon (the "Property"). |
| L11 | The Fifty First-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 131 Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as: <br><br> All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lot 20, Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. Said property is also known as 131 Twelve Oaks Court according to the present numbering system in the City of Leesburg, Georgia. |

| | |
|---|---|
| | Said property including any and all buildings, fixtures, and other property located thereon (the "Property"). |
| L12 | The Fifty Second-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 237 Glendale Road, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as: <br><br> All that tract or parcel of land lying and being in Land Lot 213 in the Second Land District of Lee County, Georgia, and being all of Lot 20 of Highland Crossing, Phase 11, according to a map or plat of said subdivision as same is recorded in Plat Cabinet "D", Slide D-18, in the Office of the Clerk of Superior Court of Lee County, Georgia. Said property is also known as 237 Glendale Drive according to the present numbering system in Leesburg, Georgia. <br><br> Said property including any and all buildings, fixtures, and other property located thereon (the "Property"). |
| L13 | The Fifty Third-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 123 Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as: <br><br> All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lot 24, Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. Said property is also known as 123 Twelve Oaks Court according to the present numbering system in the City of Leesburg, Georgia. <br><br> Said property including any and all buildings, fixtures, and other property located thereon (the "Property"). |
| L14 | The Fifty Fourth-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 181 Wood Drive, Leesburg, Lee County, Georgia, including any appurtenances and improvements |

| | thereon, more particularly described as: |
|---|---|
| | All that tract or parcel of land lying and being in Land Lots 38 and 71, First Land District, Lee County, Georgia, and being more particularly described as all of Lot 70, Cedar Grove Subdivision, Section Three, according to a map or plat recorded in Plat Cabinet E, Slide E-82, in the Office of the Clerk of Superior Court of Lee County, Georgia. Said property is also known as 181 Wood Drive according to the present numbering system in Albany, Georgia.

Said property including any and all buildings, fixtures, and other property located thereon (the "Property"). |
| L15 | The Fifty Fifth-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 126 Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:

All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lot 9, Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. Said property is also known as 126 Twelve Oaks Court according to the present numbering system in the City of Leesburg, Georgia.

Said property including any and all buildings, fixtures, and other property located thereon (the "Property"). |
| L16 | The Fifty Sixth-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 117 Twelve Oaks Court, Leesburg, Georgia, including any appurtenances and improvements thereon, more particularly described as:

All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lot 27 Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of |

|  | |
|---|---|
|  | Lee County, Georgia. Said property is respectively also known as 117 Twelve Oaks Court (Lot 27) according to the present numbering system in the City of Leesburg, Georgia. Said property including any and all buildings, fixtures, and other property located thereon (the "Property"). |
| L17 | The Fifty Seventh-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 113 Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as: <br><br> All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lot 29 Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. Said property is respectively also known as 113 Twelve Oaks Court (Lot 29) according to the present numbering system in the City of Leesburg, Georgia. <br><br> Said property including any and all buildings, fixtures, and other property located thereon (the "Property"). |
| L18 | The Fifty Eighth-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 116 Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as: <br><br> All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lot 4 Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. Said property is respectively also known as 116 Twelve Oaks Court (Lot 4) according to the present numbering system in the City of Leesburg, Georgia. <br><br> Said property including any and all buildings, fixtures, and other property located thereon (the "Property"). |

| L19 | The Fifty Ninth-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 1 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
|-----|-----|
| L20 | The Sixtieth-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 3 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
| L21 | The Sixty First-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 5 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |

| L22 | The Sixty Second-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 6 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
|---|---|
| L23 | The Sixty Third-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 7 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
| L24 | The Sixty Fourth-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 8 Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |

| L25 | The Sixty Fifth-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 10 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
| --- | --- |
| L26 | The Sixty Sixth-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 11 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
| L27 | The Sixty Seventh-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 13 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |

| L28 | The Sixty Eighth-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 14 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as: |
| --- | --- |
| | All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
| L29 | The Sixty Ninth-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 15 Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as: |
| | All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
| L30 | The Seventieth-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 17 of Twelve Oaks, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as: |
| | All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |

| L31 | The Seventy First-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 19 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
|---|---|
| L32 | The Seventy Second-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 21 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
| L33 | The Seventy Third-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 22 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |

| L34 | The Seventy Fourth-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 23 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
|---|---|
| L35 | The Seventy Fifth-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 25 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
| L36 | The Seventy Sixth-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 26 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |

| L37 | The Seventy Seventh-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 28 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as: |
| --- | --- |
| | All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
| L38 | The Seventy Eighth-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 30 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as: |
| | All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
| L39 | The Seventy Ninth-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 31 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as: |
| | All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |

| L40 | The Eightieth-Named Defendant Property is real property listed in the name of Zemekri, LLC, known as Lot 32 of Twelve Oaks Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 45, Second Land District of Lee County, Georgia, being all of Lots 1,3,5, 6, 7, 8, 10, 11, 13, 14, 15, 17, 19, 21, 22, 23, 25, 26, 28, 30, 31, and 32 of Twelve Oaks Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Cabinet E, Slide E-121A, in the Office of the Clerk of the Superior Court of Lee County, Georgia. |
|---|---|
| L41 | The Eighty First-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 115 Marlow Lane, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Lee County, Georgia and being all of Lot 103 of Brentwood North according to a map or plat of said subdivision as same is recorded in Plat Book E, Page 149 (Plat Cabinet C, Slide C-41), in the office of the Clerk of Superior Court of Lee County, Georgia. |
| L42 | The Eighty Second-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 108 Aubry Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 102 in the First Land District, Lee County, Georgia, and being more particularly described as all of Lot 229 Melrose Gardens Subdivision, Phase VII, according to a map or plat of said subdivision as same is recorded in Plat Cabinet "E" Slide E-139-C, in the Office of the Clerk of Superior Court of Lee County, Georgia.<br><br>Parcel ID No. 268M/102/031-229 |

| | |
|---|---|
| L43 | The Eighty Third-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 121 Lee Drive, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 244 of the Second Land District, Lee County, Georgia, and being more particularly described as all of Lot 98 of Lee High Acres, according to a plat of said subdivision as same is recorded in Plat Book D, Page 138, in the office of the Clerk of Superior Court, Lee County, Georgia. The described property is known as 121 Lee Drive, Leesburg, Georgia, 31763, according to the present numbering of roads in Lee County, Georgia.<br><br>This conveyance is made subject to visible easements and to restrictions and easements of record. |
| L44 | The Eighty Fourth-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 102 Clinton Court, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Lee County, Georgia and being all of Lot 89 of Philema Park, Section Three, according to a map or plat of said subdivision as same is recorded in Plat Cabinet C, Slide C-200, in the Office of the Clerk of Superior Court of Lee County, Georgia.<br><br>This conveyance is made subject to visible easements and to restrictions and easements of record. |
| L45 | The Eighty Fifth-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 1449 U.S. Hwy. 19 South Building #20, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as: |

|  | All that tract or parcel of land lying and being in Land Lots 243 and 244 in the Second Land District of Lee County, Georgia, and being **all of Condominium Units "A, B, C and D" of Building 20 of The Reserve Condominiums, Phase Two**; according to the plat of survey of the condominium development as recorded in Plat Cabinet "E", Slide E-173A, and the plat of the as-built survey of Buildings 20 through 25, inclusive, as recorded in Condominium Cabinet 1, File #1, in the office of the Clerk of Superior Court of Lee County, Georgia; TOGETHER WITH all right, title and interest applicable and appurtenant to said unit as established under the Declaration of Condominium of said condominium as recorded in Deed Book 1202, Page 162, Lee County land records, as amended. The interest described herein includes, without limiting the generality of the foregoing, an undivided interest in the common area and elements of **The Reserve Condominiums** as more particularly established in the above referenced Declaration of Condominium, as amended, and right of ingress to and egress from said condominium units and the right to use, for all proper purposes, any and all portions of the condominium designed as common area and common elements. The plan of said condominium are filed in the Condominium Cabinet in the office of the Clerk of Superior Court of Lee County, Georgia. Said Declaration of Condominium, as amended, together with the above referenced plat and plans, including any amendments as may be made thereto, are incorporated herein by reference as part of the description of the condominium units conveyed herein. |
|  | This conveyance is made subject to visible easements and to restrictions of record. |
| L46 | The Eighty Sixth-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 1449 U.S. Hwy. 19 South Building #22, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as: |
|  | All that tract or parcel of land lying and being in Land Lots 243 and 244 in the Second Land District of Lee County, Georgia, and being **all of Condominium Units "A, B, C and D" of Building 20 of The Reserve Condominiums, Phase** |

| | |
|---|---|
| | **Two;** according to the plat of survey of the condominium development as recorded in Plat Cabinet "E", Slide E-173A, and the plat of the as-built survey of Buildings 20 through 25, inclusive, as recorded in Condominium Cabinet 1, File #1, in the office of the Clerk of Superior Court of Lee County, Georgia; TOGETHER WITH all right, title and interest applicable and appurtenant to said unit as established under the Declaration of Condominium of said condominium as recorded in Deed Book 1202, Page 162, Lee County land records, as amended. The interest described herein includes, without limiting the generality of the foregoing, an undivided interest in the common area and elements of **The Reserve Condominiums** as more particularly established in the above referenced Declaration of Condominium, as amended, and right of ingress to and egress from said condominium units and the right to use, for all proper purposes, any and all portions of the condominium designed as common area and common elements. The plan of said condominium are filed in the Condominium Cabinet in the office of the Clerk of Superior Court of Lee County, Georgia. Said Declaration of Condominium, as amended, together with the above referenced plat and plans, including any amendments as may be made thereto, are incorporated herein by reference as part of the description of the condominium units conveyed herein.<br><br>This conveyance is made subject to visible easements and to restrictions of record. |
| L47 | The Eighty Seventh-Named Defendant Property is real property listed in the name of Zemekri, LLC, located at 1449 U.S. Hwy. 19 South Building #23, Leesburg, Lee County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lots 243 and 244 in the Second Land District of Lee County, Georgia, and being **all of Condominium Units "A, B, C and D" of Building 20 of The Reserve Condominiums, Phase Two;** according to the plat of survey of the condominium development as recorded in Plat Cabinet "E", Slide E-173A, and the plat of the as-built survey of Buildings 20 through 25, inclusive, as recorded in Condominium Cabinet 1, File #1, in |

| | |
|---|---|
| \ | the office of the Clerk of Superior Court of Lee County, Georgia; TOGETHER WITH all right, title and interest applicable and appurtenant to said unit as established under the Declaration of Condominium of said condominium as recorded in Deed Book 1202, Page 162, Lee County land records, as amended. The interest described herein includes, without limiting the generality of the foregoing, an undivided interest in the common area and elements of **The Reserve Condominiums** as more particularly established in the above referenced Declaration of Condominium, as amended, and right of ingress to and egress from said condominium units and the right to use, for all proper purposes, any and all portions of the condominium designed as common area and common elements. The plan of said condominium are filed in the Condominium Cabinet in the office of the Clerk of Superior Court of Lee County, Georgia. Said Declaration of Condominium, as amended, together with the above referenced plat and plans, including any amendments as may be made thereto, are incorporated herein by reference as part of the description of the condominium units conveyed herein.<br><br>This conveyance is made subject to visible easements and to restrictions of record. |
| W1 | The Eighty Eighth-Named Defendant Property is real property listed in the name of Christopher W. Whitman, located at 3729 Georgia Hwy. 33 South, Sylvester, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>Tract I – Home Place<br><br>All that tract or parcel of land situate, lying and being 33.81 acres in Land Lot 89 of the 7th Land District of Worth County, Georgia, more particularly depicted on that certain Plat of Survey prepared April 29, 1993, and recorded in Plat Book 24, Page 233, Worth County, Georgia, deed records, said Plat and the description thereon being incorporated herein by reference and made a part of this description. Said property is a portion of those lands described in Deed Book 301, Page 41, said County deed records, and is more commonly known as 3729 Highway 33 South, Sylvester, |

| | |
|---|---|
| | Georgia. |
| W2 | The Eighty Ninth-Named Defendant Property is real property listed in the name of Chris W. and Rebecca V. Whitman, LLC, located at 1532 Cane Mill Road, Sylvester, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>Tract IV – Cain Mill<br><br>Tract A Home Premises: All that certain tract or parcel of land situate, lying and being 1.01 acres in Land Lot 58 in the 7th Land District of Worth County, Georgia, being further and more particularly described as follows, to wit: Commence at the point of intersection of the north land lot line and the west margin of the 80 foot right of way of Cane Mill Road; go thence South 00 degrees 55 minutes 56 seconds West along the west margin of the 80 foot right of way of Cane Mill Road a distance of 896.56 feet to the POINT OF BEGINNING; and from this POINT OF BEGINNING continue thence South 00 degrees 55 minutes 56 seconds West along the west margin of the 80 foot right of way of Cane Mill Road a distance of 210.0 feet to a point; go thence North 88 degrees 53 minutes 14 seconds West a distance of 210.0 feet to a point; go thence North 00 degrees 55 minutes 56 seconds West a distance of 210.0 feet to a point; go thence South 88 degrees 53 minutes 14 seconds West a distance of 210.0 feet to the POINT OF BEGINNING. Said tract being depicted and designated as the "B. Varnadoe House Tract" on a plat of survey prepared by L.A. Rackley, Jr. Registered Land Surveyor, under date of March 1, 2005, filed for record in the Office of the Clerk of Superior Court of Worth County, Georgia, on March 3, 2005, and recorded Plat Book 31, Page 254 therein. This Tract A Barbara Varnadoe Residence Home Premises is the approximate one acre parcel of land with dimensions of 210 feet by 210 feet upon which Modern Homes Construction Company intended to erect a frame dwelling house for Erman Earl Varnadoe, Jr., which house has now been expanded and bricked in and is the same property which was intended to be conveyed by Erman Earl Varnadoe, Jr., to Barbara B. Varnadoe by deed dated August 16, 1991, and recorded in Deed Book 283, Page 91, in the Office of the Clerk of Superior Court of Worth |

| | |
|---|---|
| | County, Georgia. Said tract is known as 1532 Cane Mill Road, Doerun, Georgia 31744. |
| W3 | The Ninetieth-Named Defendant Property is real property listed in the name of Chris W. and Rebecca V Whitman., located at 1514 Cane Mill Road, Sylvester, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as: <br><br> Tract V – Cain Mill <br><br> Tract C 18.88 Acre Parcel: All that certain tract or parcel of land lying, situate, and being 18.88 acres, more or less, in Land Lot 58 of the 7th Land District of Worth County, Georgia and more particularly described as follows: BEGIN at the point of intersection of the north land lot line for said Land Lot 58 and the west margin of the 80 foot right of way of Cane Mill Road; go thence South 00 degrees 55 minutes 56 seconds West along the west margin of the 80 foot right of way of Cane Mill Road a distance of 566.56 feet to a point; go thence North 88 degrees 53 minutes 14 seconds West a distance of 126.0 feet to a point; go thence South 00 degrees 55 minutes 56 seconds West a distance of 330.0 feet to a point; go thence North 88 degrees 53 minutes 14 seconds West a distance of 84.0 feet to a point; go thence South 00 degrees 55 minutes 56 seconds West a distance of 210.0 feet to a point; go thence South 88 degrees 53 minutes 14 seconds East a distance of 210.0 feet to a point located on the west margin of the 80 foot right of way of Cane Mill Road; go thence South 00 degrees 55 minutes 56 seconds West along the west margin of the 80 foot right of way of Cane Mill Road a distance of 1021.53 feet to a point; continuing thence in a southerly direction following the arc of curve (concave east with a radius of 317118.40 feet) along the west margin of the 80 foot right of way of Cane Mill Road a chord bearing South 00 degrees 54 minutes 14 seconds West for a chord distance of 312.45 feet and an arc distance of 312.45 feet to a point; go thence North 88 degrees 53 minutes 18 seconds West a distance of 404.85 feet to a point; go thence North 02 degrees 19 minutes 03 seconds East a distance of 1213.80 feet to a point; go thence North 88 degrees 53 minutes 14 seconds West a distance of |

|  |  |
|---|---|
|  | 249.65 feet to a point; go thence North 27 degrees 07 minutes 27 seconds East a distance of 708.56 feet to a point; go thence North 17 degrees 13 minutes 36 seconds East a distance of 614.35 feet to a point located on the north land lot line; go thence South 88 degrees 53 minutes 14 seconds East a distance of 139.88 feet to the west margin of the 80 foot right of way of Cane Mill Road and the POINT OF BEGINNING. Said tract being depicted and designated as the "Barbara Varnadoe Map 78-Par 33A" tract on a plat of survey prepared by L.A. Rackley, Jr., Registered Land Surveyor, under date of March 1, 2005, filed for record in the Office of the Clerk of Superior Court of Worth County, Georgia, on March 3, 2005, and recorded in Plat Book 31, Page 254 therein.<br><br>Said conveyance is subject to the 20 foot ingress and egress easement of Ralph Waldo Varnadoe reserved by him for the use of himself and members of his immediate family across the above-described land as set out in a Quit-claim Deed from Ralph Varnadoe to Earl E. Varnadoe dated November 14, 2000, and recorded in Deed Book 496, Page 436 in the Office of the Clerk of Superior Court of Worth County, Georgia. |
| W4 | The Ninety First-Named Defendant Property is real property listed in the name of Christopher W. and Rebecca V. Whitman, located at 605 Smoak Bridge Circle, Warwick, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>Tract II – Lake Place<br><br>All that tract or parcel of land lying, situate, and being .47 acres, more or less, in Land Lot 127 in the 14th Land District of Worth County, Georgia, constituting all of Lot 16 and a part of the north half of Lot 17 of C.C. Varn Annex Subdivision more particularly described as follows: COMMENCE at the point of intersection of the south land lot line for Land Lot 127 with the southeast margin of the 60 foot public right of way of Smoak Bridge Circle (also known as County Road 304); go thence North 35 degrees, 42 minutes, 17 seconds East a distance of 685.0 feet to an iron pin located at the northwest corner of Lot 18 of C.C. Varn Annex |

Subdivision; go thence North 12 degrees 59 minutes 47 seconds West a distance of 149.04 feet to an iron pin located at the northwest corner of Lot 16 of C.C. Varn Annex Subdivision and THE POINT OF BEGINNING for the tract herein described; and from this POINT OF BEGINNING go thence North 30 degrees 18 minutes 06 seconds East following an existing fence line along the northwest boundary line of said Lot 16 a distance of 147.63 feet to an iron pin located on the shoreline of Swift Creek section of Lake Blackshear and which iron pin marks the northwest corner of this tract; and from this northwest corner go thence in a southeasterly direction following the meandering shoreline of Swift Creek to a point (hereinafter sometimes referred to as "Mid-Shoreline Point") located a chord bearing South 60 degrees 47 minutes 37 seconds East a chord distance of 77.79 feet from the northwest corner; and from this "Mid-Shoreline Point" go thence in a southeasterly direction following the meandering shoreline of Swift Creek to a point marking the northeast corner of this tract (hereinafter sometimes referred to as "Northeast Corner Point") which northeast corner point is located a chord bearing South 29 degrees 27 minutes 36 seconds East a chord distance of 104.91 feet from the "Mid-Shoreline Point"; and from this "Northeast Corner Point" go thence South 69 degrees 51 minutes 35 seconds West along an existing fence line to a fence post located on the east margin of the 60 foot right of way of Smoak Bridge Circle; go thence North 11 degrees 31 minutes 16 seconds West along the east margin of the 60 foot public right of way of Smoak Bridge Circle a distance of 19.71 feet to an iron pin located at the northwest corner of Lot 17 of C.C. Varn Annex Subdivision; go thence North 31 degrees 24 minutes 48 seconds West along the east margin of the 60 foot public right of way of Smoak Bridge Circle (also known as County Road 304) a distance of 50.0 feet to an iron pin and the POINT OF BEGINNING. All according to a plat of survey prepared by Labron A. Rackley for Chris Whitman under date October 10, 2005, approved by the Zoning Administrator on October 12, 2005, and recorded in Plat Book 32, Page 75 in the Office of the Clerk of Superior Court of Worth County, Georgia. Said tract is generally known by its mailing address of 605 Smoak Bridge Circle, Warwick, Georgia 31796.

Tract III – Lake Place

<table>
<tbody>
<tr>
<td></td>
<td>

All that tract or parcel of land lying and being in Worth County, Georgia, and being all of Lot 16 and the north one-half of Lot 17 C.C. Varn Annex Subdivision according to a map or plat of said subdivision as same is recorded in Plat Book 2, Page 233 in the Office of the Clerk of the Superior Court of Worth County, Georgia. This being the same property conveyed by Marie Ann Adamson to David Lynn Blalock and Judy T. Blalock by Warranty Deed dated November 1, 1991, as shown recorded in Deed Book 285, Page 265 in the Office of the Clerk of Superior Court of Worth County, Georgia.

</td>
</tr>
<tr>
<td>W5</td>
<td>

The Ninety Second-Named Defendant Property is real property listed in the name of Christopher W. Whitman, known as Land Lot No. 83 of the Seventh Land District of Worth County, State of Georgia and being All of Lot 1A, containing 13.122 acres, and All of Lot 1B, containing 36.801 acres, for a total of 49.923 acres, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as:

All that tract or parcel of land lying and being in the County of Worth, State of Georgia and in Land Lot No. 83 of the Seventh Land District of Worth County, State of Georgia and being All of Lot 1A, containing 13.122 acres, and All of Lot 1B, containing 36.801 acres, for a total of 49.923 acres, which is set out in that certain plat or survey by Labron A. Rackley, Jr., Georgia Registered Land Surveyor, No.: 2954, dated February 4, 2009, recorded in Plat Book 33, Page 223 in the office of the Superior Court of Worth County, Georgia.

LESS AND EXCEPT the following:

Currently a church, but listed under the name of **EARL HAND**, which is more particularly described as follows: Start at the centerline to centerline intersection of State Highway #33 (Sylvester Moultrie Road) and Minton Road in Land Lot 83-7th Land District, Worth County; thence proceed South 88°17'16" East a distance of 310.09 feet along the center line of Minton Road to Iron Rebar Found; thence proceed South 89°45'49" East a distance of 179.33 feet to a point on Minton Road; thence proceed North 86°20' 00" East a distance of 50.64 feet to a point; thence proceed North 86°

</td>
</tr>
</tbody>
</table>

20'00" East a distance of 20.01 feet to a point to Iron Rebar Found, which is the **POINT OF BEGINNING**; thence proceed North 86°20'00" East a distance of 29.35 feet to a point; thence proceed North 80° 26'00" East a distance of 100.00 feet to a point; thence proceed North 72° 28'00" East a distance of 100.00 feet to a point, thence proceed North 66° 35'00" East a distance of 33.28 feet to a point on Minton Road; thence proceed South 01° 09'20" West a distance of 226.75 feet to Iron Rebar Found; thence proceed North 78' 29'20" West a distance of 277.00 feet to a point; thence proceed North 01° 09'20" East a distance of 108.31 feet to the **POINT OF BEGINNING**. Said property is shown as the Earl Hand property consisting of 1 acre on that certain plat or survey by Labron A. Rackley, Jr.

**ALSO LESS AND EXCEPT: TRACT 1C, which is described as follows:**

All of Tract 1C, in Land Lot 83, 7th Land District Worth County, State of Georgia being more particularly described in that Plat or Survey dated February 4, 2009, and performed by Labron A. Rackley, Jr. Georgia Registered Land Surveyor No.: 2954 recorded in Plat Book 33, Page 223, in the office of the Clerk of the Superior Court of Worth County, Georgia. Said property is more particularly described as follows: Start at the centerline to centerline intersection of State Highway #33 (Sylvester Moultrie Road) and Minton Road in Land Lot 83-7th Land District, Worth County; thence proceed South 88°17'16" East a distance of 310.09 feet along the center line of Minton Road to Iron Rebar Found; thence proceed South 01°32'23" West a distance of 832.90 feet to Goodroe Road, and the **POINT OF BEGINNING**; thence proceed South 53° 50'28" East a distance of 200.77 feet to a point; thence proceed North 84°, 34' 05" West a distance of 65.6 feet to Iron Rebar Found; thence proceed North 01°32'23" East a distance of 102.82 feet to Goodroe Road , and being the original **POINT OF BEGINNING** of said tract, which contains .2 acres in Land Lot 83-7th Land District, Worth County, Georgia. Said property is shown as Tract 1 C on that certain plat or survey by Labron A. Rackley, Jr. Tract I A contains 13.122 acres and Tract I B contains 36.801 acres for a total of 49.923 acres.

| W5a | The Ninety Third-Named Defendant Property is real property listed in the name of Christopher W. Whitman, known as All of Parcel 26, in Land Lot No. 82 of the Seventh Land District, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as: |
|---|---|

**Tract II:**

All that tract or parcel of land lying and being in the County of Worth, State of Georgia and All of Parcel 26, in Land Lot No. 82 of the Seventh Land District of Worth County, State of Georgia and being on that Plat or Survey performed by Labron A. Rackley, Jr. Georgia Registered Land Surveyor No.: 2954 recorded in Plat Book 33, Page 222, in the office of the Clerk of the Superior Court of Worth County, Georgia. Said property is more particularly described as follows:

Start at the intersection of the centerline of Minton Road and the west land lot line of Land Lot 82-7th Land District in Worth County, Georgia, which is the POINT OF BEGINNING; thence proceed North 02°44'01' East a distance of 1628.68 feet to a Fence Post located on the northwest corner of lot line of said Land Lot 82; thence proceed South 88° 06'06"East a distance of 1722.37 feet to an existing Fence Post; thence proceed South 01° 31'02" West a distance of 1424.51 feet along said Fence Line to a point; thence proceed North 78 °25'23"West a distance of 47.36 feet to a point; thence proceed North 03° 48' 13" West a distance of 35.82 feet to a point; thence proceed North 89° 31 '33" West a distance of 228.12 feet to a point, thence proceed South 02° 11'33" East a distance of 297.50 feet to a point on the centerline of Minton Road, thence proceed North 82° 40'04" West a distance of 879.06 feet to a point on the middle right of way of Minton Road; thence run North 07° 19'56" East a distance of 210.00 feet to a point; thence proceed North 82° 40' 04" West a distance of 207.43 feet to a point; thence run South 07° 19'56" West a distance of 210.00 feet returning to said centerline at a point of curve. Thence proceed Westerly along said curve a chord distance of South 85° 20'21" West a distance of 421.66 feet with curve a radius of 1009.63 feet and an arc distance along said centerline of 424.79 returning to the point on said centerline, being the original POINT OF BEGINNING of said

| | |
|---|---|
| | Tax Parcel 26, containing 62.274 acres in Land Lot 82-7th Land District, Worth County, Georgia. |
| W5b | The Ninety Fourth-Named Defendant Property is real property listed in the name of Christopher W. Whitman, known as All of Parcel 28, in Land Lot 82, 7th Land District, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as: |
| | All of Parcel 28, in Land Lot 82, 7TH Land District Worth County, State of Georgia being more particularly described in that Plat or Survey performed by Labron A. Rackley, Jr. Georgia Registered Land Surveyor No.: 2954 recorded in Plat Book 33, Page 222, in the office of the Clerk of the Superior Court of Worth County, Georgia. Said property is a one acre tract, more or less. |
| W5c | The Ninety Fifth-Named Defendant Property is real property listed in the name of Christopher W. Whitman, known as All of Tract IC, in Land Lot 83, 7th Land District , Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as: |
| | All of Tract 1C, in Land Lot 83, 7th Land District Worth County, State of Georgia being more particularly described in that Plat or Survey dated February 4, 2009, and performed by Labron A. Rackley, Jr. Georgia Registered Land Surveyor No.: 2954 recorded in Plat Book 33, Page 223, in the office of the Clerk of the Superior Court of Worth County, Georgia. Said property contains .2 acres more or less and is more particularly described as follows: Start at the centerline to centerline intersection of State Highway #33 (Sylvester Moultrie Road) and Minton Road in Land Lot 83-7th Land District, Worth County; thence proceed South 88°17'16" East a distance of 310.09 feet along the center line of Minton Road to Iron Rebar Found; thence proceed South 01°32'23" West a distance of 832.90 feet to Goodroe Road, and the POINT OF BEGINNING; thence proceed South 53° 50'28" East a distance of 200.77 feet to a point; thence proceed North 84°, 34' 05" West a distance of 65.6 feet to Iron Rebar Found; thence proceed North 01°32'33" |

| | |
|---|---|
| | East a distance of 102.82 feet to Goodroe Road, and being the original POINT OF BEGINNING of said tract, which contains .2 acres in Land Lot 83-7th Land District, Worth County, Georgia. Said property is shown as Tract 1 C on that certain plat or survey by Labron A. Rackley, Jr. |
| W6 | The Ninety Sixth-Named Defendant Property is real property listed in the name of CWW & Wade, LLC, located at 308 Warren Street, Sylvester, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Land Lot 379 in the Seventh Land District, City of Sylvester, Worth County, Georgia and being all of lot 13, Block "C" of Mullis Heights Subdivision, according to a map or plat of said subdivision as same is recorded in Plat Book 11, Page 232, in the Office of the Clerk of Superior County of Worth County, Georgia |
| W7 | The Ninety Seventh-Named Defendant Property is real property listed in the name of ULOC, LLC, located at 167 Union Lane Doerun, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being 47.59 acres in Land Lot 55 in the 7th Land District of Worth County, Georgia as shown depicted on a plat of survey prepared by Jerry S. Lindsey, Registered Land Surveyor, under date of May 21, 1999, and recorded in Plat Book 29, Page 130, in the Office of the Clerk of Superior Court of Worth County, Georgia. LESS AND EXCEPT: That certain one acre tract on the East side of the foregoing described tract and more particularly shown on plat of survey by Marshall F. Guill, Registered Land Surveyor, dated November 18, 1983, which said plat, recorded in land records of Worth County, Georgia, in Plat Book 20, Page 228 is by reference incorporated herein. |
| W8 | The Ninety Eighth-Named Defendant Property is real property listed in the name of Christopher Whitman, LLC, located at 150 Goodroe Road, Sylvester, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly |

described as:

That certain tract of land lying and being in the Southeast corner of Land Lot 89 in the 7th Land District of Worth County, Georgia, containing 54.50 acres, more or less, and bounded as follows: On the North by lands of Mrs. Lizzie King Hancock; East by East line of said lot, South by South line of said lot, West by lands of Lloyd Carter and Jake Hancock.   This being the same property which was conveyed by W. T. King to A. T. Goodroe by Warranty Deed dated October 7, 1946, recorded in Deed Book 79, Page 357 in the Office of the Clerk of Superior Court of Worth County, Georgia, and sometimes thereafter referred to as the "A.T. Goodroe homeplace."

LESS AND EXCEPTED therefrom the following described tracts of land:

*Less and Excepted Tract One.*  A tract 135 feet by 160 feet conveyed by A. T. Goodroe to his son Carlos Goodroe on April 21, 1972, and recorded in Deed Book 169, Page 96 in the Office of the Clerk of Superior Court of Worth County, Georgia.

*Less and Excepted Tract Two.*  One acre conveyed by A. T. Goodroe to F. J. Hancock on August 5, 1963, recorded in Deed Book 134, Page 63 in the Office of the Clerk of Superior Court of Worth County, Georgia.

*Less and Excepted Tract Three.*  Two acres conveyed by A. T. Goodroe to R. R. Hooks on August 5, 1963, recorded in Deed Book 134, Page 142 in the Office of the Clerk of Superior Court of Worth County, Georgia.

*Less and Excepted Tract Four.*  All that tract or parcel of land lying, situate and being 9.03 acres, more or less, in Land Lot 83 of the 7th Land District of Worth County, Georgia, which is more particularly described as follows:   COMMENCE at the intersection of the centerline of State Highway #33 (a 130 foot right of way), with the centerline of Philip Causey Road (a paved 80 foot right of way) and proceed South 89 degrees 30 minutes 00 seconds East a distance of 352.67 feet on the centerline of Philip Causey Road (an 80 foot paved right of way); from this point, proceed North 00 degrees 34 minutes

| | |
|---|---|
| | 03 seconds East a distance of 683.44 feet to the POINT OF BEGINNING; from this POINT OF BEGINNING, proceed North 00 degrees 34 minutes 01 seconds East a distance of 998.42 feet to an iron pin; go thence North 00 degrees 27 minutes 49 seconds East 105.23 feet to the centerline of Goodroe Road (a graded 40 foot right of way); go thence South 54 degrees 11 minutes 40 seconds East a distance of 200.66 feet along the centerline of Goodroe Road (a graded 40 foot right of way); proceed thence South 54 degrees 11 minutes 40 seconds East a distance of 373.12 feet along the centerline of Goodroe Road; go thence South 09 degrees 19 minutes 51 seconds West a distance of 780.34 feet to an iron pin; go thence South 89 degrees 39 minutes 21 seconds East a distance of 349.55 feet to the POINT OF BEGINNING. Said tract contains 9.03 acres, more or less, depicted as Tracts #1 and #2 on the plat of survey for Donald A. Goodroe prepared by Roger A. Medders, Registered Land Surveyor No. 2353, under date of July 21, 1995, and recorded in Deed Book 352, Page 304 in the Office of the Clerk of Superior Court of Worth County, Georgia. This being the same property which was conveyed by Carlos Goodroe to Donald A. Goodroe by Warranty Deed dated July 31, 1995, and recorded in Deed Book 352, Page 302 in the Office of the Clerk of Superior Court of Worth County, Georgia.<br><br>The above-described land is a substantial portion of the old A. T. Goodroe homeplace and constitutes about 44 acres, more or less, in said Land Lot after reduction of the four less and excepted tracts of land set forth above. |
| W9 | The Ninety Ninth -Named Defendant Property is real property listed in the name of CWW & Wade, LLC, located at 108 & 110 Houston Street, Sylvester, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in the City of Sylvester, and in original Land Lot 357 in the 7th Land District of Worth County, Georgia fronting 120 feet, more or less, on the south right of way line of Houston Street and being all of Lots 14 and 15 in Houston Annex Subdivision as shown and depicted on a plat of survey by W.J. Davis, Worth County |

|  |  | Surveyor, recorded in Deed Book S, Pages 446-447 in the Office of the Clerk of Superior Court of Worth County, Georgia. Said plat is incorporated by reference. Said lots are generally known as 108 and 110 Houston Street, according to the present numbering system in Sylvester, Worth County, Georgia.<br><br>This conveyance is made subject to all easements and restrictions of record. |
| W10 |  | The One Hundredth-Named Defendant Property is real property listed in the name of Christopher Whitman, located at 1814 Evergreen Road, Sylvester, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land situate, lying and being 6.41 acres in Original Land Lot No.146 in the 7th Land District of Worth County, Georgia, more particularly described as follows: COMMENCING at the original northeast corner of said Land Lot 146, go thence 89 degrees 13 minutes 46 seconds west along the north line of said lot, 832.65 feet to a point; go thence south 00 degrees 54 minutes 28 seconds west 2,171.0 feet to an iron pin and POINT OF BEGINNING FOR THE TRACT HEREIN DESCRIBED AND CONVEYED AND FROM THIS POINT OF BEGINNING go thence South 00 degrees 54 minutes 28 seconds West 328.74 feet to an iron pin; go thence South 00 degrees 30 minutes 19 seconds East 90.54 feet to a point; go thence South 85 degrees 39 minutes 39 seconds East 651.08 feet to a point on the East margin of the 80 foot right of way of Evergreen Road; go thence North 02 degrees 49 minutes 11 seconds West 459.19 feet to an iron pin; go thence North 89 degrees 05 minutes 02 seconds West 622.29 feet to an iron pin and point of beginning.  Said tract is composed of Tracts 1 and 2 on plat of survey by G. E. Warren, Registered Land Surveyor, dated August 29, 1987 and recorded in Plat Book 22, page 219 in the Land Records of Worth County, Georgia and a tract or parcel of land containing 0.41 acres shown on plat of survey by Brunson Surveying (Roger A. Medders, Registered Land Surveyor) dated May 20, 1994 and recorded in Land Records of Worth County, Georgia in Plat Book 25, Page 237 and reference to both of the aforesaid plats is expressly made herein for the purpose of |

|  | incorporating the same into and as a part of this description.

Included in this conveyance is a 1988 Summit Mobile Home 24 feet by 56 feet manufacturer's ID H47457GLR.

TRACT 2: All that tract or parcel of land situate lying and being 54.69 acres in Original Land Lot No.146 in the 7th Land District of Worth County, Georgia, more particularly described as follows: COMMENCING at the Northeast corner of Land Lot 146 go thence along North lot line South 89 degrees 13 minutes 46 seconds West 832.65 feet to a point; go thence South 00 degrees 54 minutes 28 seconds East 2499.75 feet to a point and point of beginning for the tract herein described and conveyed and from this point of beginning go thence South 00 degrees 30 minutes 19 seconds East 90.54 feet to a point; go thence South 85 degrees 39 minutes 38 seconds East 651.08 feet to a point on the West right of way margin of the Evergreen Road (Sylvester-Doerun); go thence South 02 degrees 49 minutes 11 seconds East along said road right of way 270.00 feet to a point; go thence North 79 degrees 52 minutes 04 seconds West 671.19 feet to a point; go thence South 00 degrees 30 minutes 19 seconds East 690.16 feet to a point; go thence South 88 degrees 20 minutes 41 seconds West 2253.05 feet to a point; go thence North 00 degrees 36 minutes 46 seconds West 996.67 feet to a point; go thence North 88 degrees 43 minutes 45 seconds East 2254.67 feet to point of beginning; said property is shown as Tracts 1 and 2 on plat of survey by Medders & Brunson Surveying (Roger A. Medders, Registered Land Surveyor), dated May 30, 1990 which said plat, recorded in Land Records of Worth County, Georgia, in Plat Book 23, Page 136, is by reference incorporated herein. |
|---|---|
| W11 | The One Hundred and First-Named Defendant Property is real property listed in the name of Christopher Whitman, known as All that tract or parcel of land lying and being in Land Lot 231 of the 14TH Land District containing 102.47 acres, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as:

All that tract or parcel of land lying and being in Worth County, Georgia and being more particularly described as |

| | |
|---|---|
| | follows: All that tract or parcel of land lying and being in Land Lot 231 of the 14th Land District, Worth County, Georgia containing 102.47 acres and further identified as having such shape, size, metes, bounds courses and distance as are shown upon a plat thereof entitled "Lynn M. Britt" by Roger A. Medders, Registered Land Surveyor, dated January 27, 1995, and recorded in Plat Book 26, Page 4, Clerk's Office, Worth County Superior Court. Reference is hereby made to said plat and incorporated herein for the purpose of a more particular and accurate description of the property herein conveyed.<br><br>Subject to any and all visible easements and restrictions and easements of record. |
| W12 | The One Hundred and Second-Named Defendant Property is real property listed in the name of Christopher Whitman, known as All that tract or parcel of land lying and being in Land Lot 230 of the 14th L and District containing 47.73 acres, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>All that tract or parcel of land lying and being in Worth County, Georgia and being more particularly described as follows: All that tract or parcel of land lying and being in Land Lot 230 of the 14th Land District, Worth County, Georgia containing 47.73 acres and further identified as having such shape, size, metes, bounds courses and distance as are shown upon a plat thereof entitled "Lynn M. Britt" by Roger A. Medders, Registered Land Surveyor, dated January 27, 1995, and recorded in Plat Book 26, Page 4, Clerk's Office, Worth County Superior Court. Reference is hereby made to said plat and incorporated herein for the purpose of a more particular and accurate description of the property herein conveyed.<br><br>Subject to any and all visible easements and restrictions and easements of record. |

| W13 | The One Hundred and Third-Named Defendant Property is real property listed in the name of CWW & Wade, LLC, located at 126 Donna Drive, Sylvester, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as: |
|---|---|
|  | All that tract or parcel of land lying and being in the City of Sylvester, County of Worth, State of Georgia, and being Lot 32 in Pinebrook Subdivision in the City of Sylvester and in Land Lot No. 380 in the 7th Land District of Worth County, Georgia, all according to a survey and plat made by Roger A. Medders, under supervision of Marshall F. Guill, Registered Surveyor, on July 12,1977, said plat recorded in Plat book 17, Page 119, in the Office of the Clerk of the Superior Court, Worth County, Georgia, and reference to said plat is made for the purpose of incorporating same into and as a part of this description, said property described as follows: Commencing at a point where the east margin of Donna Drive intersects with the south margin of Pendley Drive in said subdivision, go thence south 14 degrees 45 minutes west along the east margin of Donna Drive a distance of 76.8 feet to the point of beginning for the tract herein described: from this point of beginning, go thence south 75 degrees 15 minutes east a distance of 140.0 feet to a point on the west margin of a ten-foot alley; thence go south 14 degrees 45 minutes west along the west margin of said ten-foot alley a distance of 85.0 feet to a point; thence go north 75 degrees 15 minutes west a distance of 140.0 feet to the east margin of Donna Drive; thence go north 14 degrees 45 minutes east along the east margin of Donna Drive a distance of 85.0 feet to the point of beginning. |
| W14 | The One Hundred and Fourth-Named Defendant Property is real property listed in the name of CWW & Wade, LLC, located at 304 East Street, Sylvester, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as: |
|  | All that tract or parcel of land lying and being in the City of Sylvester, Worth County, Georgia in City Lots 10 and 11 of Block 183, and described as follows: Begin at a point on the east boundary of East Street, which point is 130 feet north of |

|  | the northeast intersection of Sumner Street and East Street, and from said point run thence north along the east boundary of East Street 85 feet to the north boundary of said Lot 10; thence run east along the north boundary of Lot 10 and Lot 11 127 feet to the northeast comer of said Lot 11; thence run south along the east boundary of said Lot 11 84.6 feet to lands now or formerly of Simerly; thence run west along the north boundary of now or formerly Simerly lands 117 feet to the east boundary of East Street, the point of beginning. Being all of the land acquired by J.H. Westberry, Jr. and Mary J. Westberry from Mrs. Thyal Holton and W.B. Holton in the deed recorded in Deed Book 88, Page 590, as well as all of the land acquired by said J.H. Westberry, Jr., and Mary J. Westberry from H.C. Camp in the deed recorded in Deed Book 88, Page 589, all in the Worth County Public Deed Records.

EXCEPT the lands conveyed by J.H. Westberry, Jr. and Mary J. Westberry to Julian Simerly on the 25th day of January 1960 in the deed recorded in Deed Book 118, Page 218, Worth County Public Deed Records. This being the same tract of land conveyed by J.H. Westberry, Jr. and Mary J. Westberry to Mrs. T.M. Purdom, also known as Mrs. Mildred D. Purdom on August 7, 1965 in the deed recorded in Deed Book 142, Page 415, Worth County Public Deed Records.


These conveyances are made subject to all easements and restrictions of record. |
|---|---|
| W15 | The One Hundred and Fifth-Named Defendant Property is real property listed in the name of CWW & Wade, LLC, located at 306 Hillside Drive, Sylvester, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as:

All that tract or parcel of land situate, lying and being in the County of Worth, State of Georgia, and being in Lot No. 3 in Block 216 on North Hillside Drive in the City of Sylvester, Worth County, Georgia, and  more particularly described as follows: Beginning at a point on the East margin of North Hillside Drive, which point is 165 feet North of the Northeast |

| | |
|---|---|
| | intersection of Price Street and North Hillside Drive and from this beginning point run thence North along the East margin of Hillside Drive a distance of 80 feet, thence East a distance of 180 feet, thence South 80 feet, thence West a distance of 180 feet to the beginning point, according to survey and plat made by I.J. Medders, County Surveyor of Worth County, Georgia on October 15,1963, said plat recorded in Plat Book 5, page 154, on October 15, 1963, in the office of the Clerk of the Superior Court of Worth County, Georgia.<br><br>These conveyances are made subject to all easements and restrictions of record. |
| W16 | The One Hundred and Sixth-Named Defendant Property is real property listed in the name of CWW & Wade, LLC, located at 2353 Georgia Hwy. 33, North Sylvester, Worth County, Georgia, including any appurtenances and improvements thereon, more particularly described as:<br><br>Tract<br><br>Begin at a point where the North Land Lot Line of Land Lot Number 425 Intersects with the West right of way boundary of Highway Number 33 and from said point of beginning run thence south 01 degree, 09 minutes, 29 seconds west along said right of way boundary a distance of 660 feet to a point; thence north 89 degrees 18 minutes 39 seconds west a distance of 660 feet; thence north 01 degrees 09 minutes 29 seconds east 21 distance of 660 feet to a point on the north line of Land Lot 425; thence south 89 degrees 18 minutes 39 seconds east along said Land Lot Line 660 feet to the point of beginning; said tract containing 10 acres. |
| F1 | The One Hundred and Seventh-Named Defendant Property is real property listed in the name of United Industrial of Georgia, located at 7505 Thomas Drive, EN SOLEIL Condominium Unit 213 C, Panama City Beach, Bay County, Florida, including any appurtenances and improvements thereon, more particularly described as:<br><br>Condominium Unit 213 C, EN SOLEIL, A CONDOMINIUM, together with an undivided interest in the common elements, |

|    | according to the Declaration of Condominium thereof recorded in Official Records Book 2198, Page 1054, and amended by documents recorded in Official Records Book 2218, Page 919, Official Records Book 2338, Page 171 and Official Records Book 2535, Page 1461, of the Public Records of Bay County, Florida.<br><br>Together with Limited Common Element Parking Space No. 67 and Limited Common Element Owners Locker No. 213 which is an appurtenance to the above unit, subject to the terms, provisions and conditions of the foregoing Declaration. |
|----|----|
| V1 | The One Hundred and Eighth-Named Defendant Property consists of one 2008 Chevrolet Tahoe C1500, VIN: 1GNFC13028R234867, currently titled in the name of Meghan Whitman McDonald. The subject property is believed to be located in Albany, Georgia. Upon permission of the Court to seize the subject property, the vehicle will be transferred to the custody of the United States Marshals Service. |
| V2 | The One Hundred and Ninth-Named Defendant Property consists of one 2003 Fontaine 353WDMR Trailer, VIN: 13N34820733518330, currently titled in the name of Christopher Whitman. The subject property is believed to be located in Albany, Georgia. Upon permission of the Court to seize the subject property, the trailer will be transferred to the custody of the United States Marshals Service. |
| V3 | The One Hundred and Twelfth-Named Defendant Property consists of one 2000 Fontaine Storage Trailer, VIN: 13N1532C7Y5991190, currently titled in the name of Christopher Whitman. The subject property is believed to be located in Albany, Georgia. Upon permission of the Court to seize the subject property, the trailer will be transferred to the custody of the United States Marshals Service. |
| V4 | The One Hundred and Thirteenth-Named Defendant Property consists of 2000 Fontaine Storage Trailer, VIN: 13N1532C2Y5991193, currently titled in the name of Christopher Whitman. The subject |

|  | |
|---|---|
|  | property is believed to be located in Albany, Georgia. Upon permission of the Court to seize the subject property, the trailer will be transferred to the custody of the United States Marshals Service. |
| V5 | The One Hundred and Fourteenth-Named Defendant Property consists of one 2008 Tennessee Boat Trailer, VIN: 1TPSB262181081963, currently titled in the name of Christopher W. Whitman. The subject property is believed to be located in Albany, Georgia. Upon permission of the Court to seize the subject property, the trailer will be transferred to the custody of the United States Marshals Service. |
| V6 | The One Hundred and Fifteenth-Named Defendant Property consists of one 2008 Chaparral Boat, BHN: FGBZ3094J708, currently titled in the name of Christopher Whitman. The subject property is believed to be located in Albany, Georgia. Upon permission of the Court to seize the subject property, the boat will be transferred to the custody of the United States Marshals Service. |
| V7 | The One Hundred and Sixteenth-Named Defendant Property consists of one 2009 Harley Davidson Motor Cycle, VIN: 1HD1PX81X9K975921, currently titled in the name of Christopher W. Whitman. The subject property is believed to be located in Albany, Georgia. Upon permission of the Court to seize the subject property, the vehicle will be transferred to the custody of the United States Marshals Service. |
| V8 | The One Hundred and Seventeenth-Named Defendant Property consists of one 2000 International 9200 Series Truck, VIN: 3HSCEAMR5YN057740, currently titled in the name of Christopher W. Whitman. The subject property is believed to be located in Albany, Georgia. Upon permission of the Court to seize the subject property, the vehicle will be transferred to the custody of the United States Marshals Service. |
| V9 | The One Hundred and Eighteenth-Named Defendant Property consists of 2007 Chevrolet Silverado C150 Truck, VIN: 2GCEC13V071176443, currently titled in the name of Christopher W. |

|  | |
|---|---|
|  | Whitman.  The subject property is believed to be located in Albany, Georgia.  Upon permission of the Court to seize the subject property, the vehicle will be transferred to the custody of the United States Marshals Service. |
| V10 | The One Hundred and Nineteenth-Named Defendant Property consists of one 2010 GMC Sierra K1500 Truck, VIN: 3GTRKVE39AG178830, currently titled in the name of Zachary Todd Whitman.  The subject property is believed to be located in Albany, Georgia.  Upon permission of the Court to seize the subject property, the vehicle will be transferred to the custody of the United States Marshals Service. |
| V11 | The One Hundred and Twentieth-Named Defendant Property consists of one 2006 GMC Sierra 150,  VIN: 2GTEK13T061139070, currently titled in the name of United Industrial of Georgia. The subject property is believed to be located in Albany, Georgia.   Upon permission of the Court to seize the subject property, the vehicle will be transferred to the custody of the United States Marshals Service. |
| V12 | The One Hundred and Twenty First-Named Defendant Property consists of one 2011 Cadillac Escalade, VIN: 1GYS3DEF7BR253085, currently titled in the name of United Industrial of Georgia. The subject property is believed to be located in Albany, Georgia.   Upon permission of the Court to seize the subject property, the vehicle will be transferred to the custody of the United States Marshals Service. |
| V13 | The One Hundred and Twenty Second-Named Defendant Property consists of one 2009 Land Rover, VIN: SALSF25429A213580, currently titled in the name of Kristen Whitman. The subject property is believed to be located in Albany, Georgia. Upon permission of the Court to seize the subject property, the vehicle will be transferred to the custody of the United States Marshals Service. |
| V14 | The One Hundred and Twenty Third-Named Defendant Property consists of one 2011 Ford Econoline Van, VIN: 1FTNE2EL3BDB40366, currently titled in the name of United Industrial |

| | |
|---|---|
| | of Georgia, Inc.  The subject property is believed to be located in Albany, Georgia.  Upon permission of the Court to seize the subject property, the vehicle will be transferred to the custody of the United States Marshals Service. |
| V15 | The One Hundred and Twenty Fifth-Named Defendant Property consists of one 2013 Ford F-150 Pick-up Truck, VIN: 1FTFW1EF3DFA09967, currently titled in the name of Albany Oil Mill. The subject property is believed to be located in Albany, Georgia. Upon permission of the Court to seize the subject property, the vehicle will be transferred to the custody of the United States Marshals Service. |

### Jurisdiction and Venue

2.      Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

3.      This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).  Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(ii), which the Plaintiff will execute upon the One Hundred and Eighth through the One Hundred and Twenty Second-Named Defendant Properties pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4.      The Defendant Real Properties have not been seized but are located within this district, with the exception of the One Hundred and Seventh-Named Defendant Real Property, but are all within the jurisdiction of this Court.  The United

States does not request authority from the Court to seize the Defendant Real Properties

at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

> a. Post notice of this action and a copy of this Complaint on the Defendant Real Properties;
>
> b. Serve notice of this action and a copy of this Complaint on the owner(s) of the Defendant Real Properties;
>
> c. With the authorization of the Court, execute a writ of entry for purposes of conducting an inspection and inventory of the Defendant Real Properties; and
>
> d. File a *lis pendens* for the Defendant Real Properties in the appropriate county real estate records, notifying the public of the Defendant Real Properties status as defendants in this *in rem* action.

The United States may also, as provided in 19 U.S.C. § 1606, appraise the

Defendant Real Properties in conjunction with the execution of the Writ of Entry.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1355(b)(1)(A)

because the acts or omissions giving rise to the forfeiture of the Defendant Property

occurred in Albany, Dougherty County, Georgia, which is a place within the Middle

District of Georgia.

6.     Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1395,

because the Defendant Property, with the exception of the One Hundred and Seventh-

Named Defendant Real Property, is situated in Albany, Dougherty County, Georgia,

Sylvester, Worth County, Georgia, and Leesburg, Lee County, Georgia, which are all

places within the Middle District of Georgia.

### Basis For Forfeiture

7.     The Defendant Property is subject to forfeiture pursuant to Title 18, United

States Code, Section 981(a)(1)(C) which provides, in pertinent part:

79

(a)(1) The following property is subject to forfeiture to the United States:

(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title).

8.    Violations of Section 1343 (Wire Fraud) is defined as a "specified unlawful activity" by Section 1956(c)(7) of Title 18.

9.    The United States alleges that the Defendant Property is subject to forfeiture to the United States because it constitutes or is derived from proceeds traceable to a violation of Section 1343 of Title 18, United States Code, which states:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire . . . communication in interstate or foreign . . . commerce, any writings, signs, signals, pictures, or sounds . . . for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

10.    Alternatively, the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because it constitutes property involved in a transaction or attempted transaction in violation of Section 1956, of Title 18, United States Code, designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of a specified unlawful activity, or is property traceable to such property.

### Factual Allegations

11.    In March of 2008, the Defense Criminal Investigative Service ("DCIS") received a Department of Defense Inspector General ("DOD-IG") Hotline Complaint,

alleging that a Department of Defense Logistics Agency ("DLA")[2] employee, Public Official A, had received bribes from truck drivers contracted to transport Government equipment from the United States Marine Corps Logistics Base ("MCLB"), located in Albany, Georgia.  In June of 2009, a second DOD-IG Hotline Complaint was received which provided additional details concerning the allegations made against Public Official A, and identified specific gifts that he had received.   An investigation of the allegation was initiated after DCIS referred the complaint to the Naval Criminal Investigative Service ("NCIS").[3]

12.     Public Official A is a Federal Civil Service employee, assigned to the Transportation Management Office ("TMO")[4], of the DLA at MCLB.  As a Transportation Specialist, Public Official A was responsible for coordinating the transportation of military vehicles and other government property from MCLB to other military installations throughout the United States.

13.     From July of 2008 through February of 2009, Public Official A was in a position to influence all transportation contracts under the Tailored Transportation Contract "(TTC"), and continued to maintain a position to influence transportation contracts limited to the shipment of sensitive items, upon the institution of the Defense Transportation Coordination Initiative ("DTCI") in February of the same year.

---

2 The Defense Logistics Agency is an agency of the United States Department of Defense responsible for coordinating the movement of equipment and supplies for the Department.

3 Based on information provided by the DOD-IG, DCIS, the investigation was continued jointly with NCIS, and other Law Enforcement agencies and departments.

4 The Transportation Management Office is a function of the DLA located on the United States MCLB where the shipment of government equipment and supplies is coordinated by Federal Civil Service Employees of the DLA.

14.    Beginning in or about July of 2008, Public Official A and others, devised and/or intended to devise a scheme and artifice to defraud the United States by contracting with and accepting gifts from carriers transporting multiple shipments containing "less than a full load" ("LTFL") of government property,  which were later consolidated into a single shipment.  The LTFL shipments resulted in the Government receiving multiple Bills of Lading for shipments that could have been completed by the carriers in one load.

15.    As part of the investigation, Government Bills of Lading ("GBL") were obtained from DLA in Albany, Georgia, in May of 2009.  A review of the GBL's revealed that Public Official A had contracted sensitive shipments that were identified as having indicators of fraudulent activity, including the lack of written justification for the selection of a specific carrier, and the lack of a written explanation for the multiple billed single loads.

16.    In July of 2010, a third complaint - similar to the ones that were previously reported in 2008 and 2009 involving Public Official A - was received by the United States Transportation Command from the DTCI Prime Transportation Contractor, Menlo Worldwide Logistics[5] ("MENLO"), alleging that a Transportation Specialist at DLA in

_____

5 Menlo Worldwide Logistics is operated by CON-WAY, Inc., a freight transportation and logistics company.  Menlo subcontracts third party carriers on behalf of DLA for the transportation of DOD supplies, to include those shipped from MCLB.  Third party carriers, submit their invoices for the Menlo assigned transportation services through a United States DOD electronic system, which then electronically transfers the payment to third party carriers' bank accounts.  Menlo is required by its contract with DLA to have loads assigned to a trucking company within a certain period of time upon receipt of notice from DLA of the requirement for a specific shipment, so that the equipment is transferred in a timely manner to its intended destination.

Albany had contracted exclusive use[6] shipments with a carrier identified as ULOC between March of 2009 and July of 2010.

17.    More specifically, MENLO alleged that ULOC was being contracted for multiple LTFL exclusive use shipments, which were later consolidated into a single shipment at ULOC's own local transportation hub prior to transporting the shipments to the final destination with a different carrier.   Additional information received from MENLO indicated that ninety-four percent (94%) of all exclusive use shipments within the DOD occurred at DLA Albany, which means that the other ten DLA distribution sites located within the United States rarely had exclusive use shipments.

18.    As part of the investigation, it was discovered that United Industrial of Georgia, Inc., also d/b/a United Logistics, was a commercial carrier contracted to ship government property from the DLA of MCLB, to various destinations located within the continental United States. The investigation further revealed that DLA referred to the company as ULOC on its records.

19.    According to the Georgia Secretary of State, Corporate Division, on July 7, 2008, Christopher W. Whitman, incorporated United Industrial of Georgia, Inc., and is currently the registered agent.  Corporation records indicate that the principal address is 1145 E. Broad Street, Albany, Georgia, 31705.  Whitman's wife, Rebecca Elizabeth Whitman, is listed as the Chief Executive Officer, Chief Financial Officer, and Secretary.

20.    In September of 2010, Law Enforcement conducted surveillance of the operations of ULOC at the MCLB and their principle address located at 1145 E. Broad Avenue, Albany, Georgia. Observations were made of activities consistent with the

---

6 Exclusive use is a term used for a shipment considerably more expensive for the Government, in which the carrier is required to retain the property originally loaded by DLA employees on the carrier's trailers.

complaint received from MENLO, along with numerous items of government vehicles and other transportation type equipment within the storage facilities located on ULOC's property, and ULOC trucking equipment bearing the marking of "ZMK" Trucking.

21.     An inquiry made to the Federal Motor Safety Carrier Administration, an agency of the United States Department of Transportation, revealed that Christopher W. Whitman is the owner of ZMK Trucking, and has been since August of 2006.

22.     Additional surveillance was conducted related to ZMK Trucking, in which Law Enforcement observed a number of van trailers belonging to ZMK Trucking loaded at MCLB, with LTFL shipments, depart the installation without the shipments being sealed prior to departing, and driving to ULOC's location where the van trailers were being unloaded into a closed warehouse located on ULOC's property.[7]

23.     In April of 2012, the investigation revealed that ZMK trucks loaded at MCLB were leaving the installation prior to checking out with the TMO, DLA, Albany, where a GBL is required to be issued for receipt for the property prior to it being removed from MCLB by the carrier.

24.     Law Enforcement officials conducted traffic stops of three ZMK trucks prior to departing MCLB, and discovered that the drivers were not able to produce a GBL. However, one of the drivers, Person A, was in possession of four loading documents consistent with the government property loaded on his truck. Each of the loading documents specified four different destination locations, which would have resulted in the United States getting billed four times for a single truckload of government property.

---

7 DLA protocol requires the sealing of all van trailers upon being loaded and departing from a military installation with Government property, and to be unsealed when the property arrives at its intended destination.

25.   The truck driven by Person A was registered to United Industrial with an address of 3729 Georgia Highway, 33 South, Sylvester, Georgia, the residence of Christopher Whitman.  The carrier identification for the vehicle also listed Christopher Whitman and ZMK Trucking at the same address.

26.   Law Enforcement made contact with Public Official A to inquire about the ZMK trucks departing the installation without the required GBL's, and Public Official A indicated that he did not know that the carrier was required to have a GBL when departing the installation.  Public Official A further indicated that Christopher Whitman would pick up all of his GBL's and security seals from the DLA, Albany Office at the end of each work day.

27.   A number of Government employees, who were tasked with the responsibility of loading the United States government property onto commercial carriers were interviewed by law enforcement officials, which revealed the following: i.) ZMK trucks were routinely loaded with LTFL shipments, with their trailers being loaded with multiple separate loads going to the same destination; ii.) the same drivers, trucks, and trailers would often return within the hour to obtain additional loads; iii.) that drivers for ZMK trucks did not pick up loading documentation from the DLA TMO upon entering the installation, but always had the required documentation in their possession when receiving a load; iv.) prior to departing MCLB, drivers of the ZMK trucks did not stop at the TMO to obtain GBL's; and v.) Christopher Whitman and/or Person A were observed picking up GBL's from the TMO, DLA Albany, at the end of the work day.

28.   A preliminary analysis of transportation contracts awarded to ULOC/ZMK Trucking and the business checking account for United Industrial d/b/a United Logistics

show that, from July 2008 through the present date, ULOC/ZMK Trucking has been paid in excess of approximately $37,000,000.00 from the DOD.[8]

29.    In addition to the business checking account for United Industrial d/b/a United Logistics, Christopher Whitman opened up numerous personal and business bank accounts at a number of different financial institutions during the relevant period.

30.    A review of the business and personal bank accounts associated with Christopher W. Whitman revealed that funds fraudulently obtained during the scheme to defraud the government were often transferred between different accounts, and numerous withdrawals were made purchasing cashier checks and official checks from financial institutions in large sums for the purpose of purchasing certain real properties located in Dougherty County, Georgia, Lee County, Georgia, and Worth County, Georgia.

31.    Whitman also used fraudulent funds from the scheme to defraud the government to maintain certain real property via checks and other banking transactions made payable to various businesses and tax departments.

32.    A further review of the bank accounts revealed that Whitman purchased a number of trailers and vehicles between August of 2008 and November of 2011, including, but not limited to the following:

      a.    On August 8, 2008, Rebecca Whitman purchased a 2008 Chevrolet Tahoe C1500, VIN: 1GNFC13028R234867 (V1) from Parker Chevrolet for $54,101.96. Rebecca Whitman obtained financing from GMAC and made payments from a business checking

---

8 The precise loss amount to the United States has not been calculated as of the date of filing this Verified Complaint.

account, from November 2009 to May 2011 totaling $39,327.99, including a payoff check of $26,218.42, to Parker Chevrolet on May 17, 2011.   On July 1, 2011, Rebecca Whitman transferred ownership of the vehicle to Meghan Whitman McDonald.  There are no liens on this vehicle.

b.   On March 12, 2009, Whitman purchased a 2003 Fontaine 353WDMR Trailer, VIN: 13N34820733518330 (V2) from D&M International, Blackshear, Ga.  The purchase was made from his business checking account in the amount of $18,190.00. There is no known lien on this trailer.

c.   On March 17, 2009, Whitman purchased four trailers and later selling two. The remaining trailers include a 2000 Fontaine Storage Trailer, VIN: 13N1532C7Y5991190 (V3), and a 2000 Fontaine Storage Trailer, VIN: 13N1532C2Y5991193 (V4).  These trailers were purchased from Booth Trailer Sales with a check from Whitman's business checking account in the amount of $44,520.00. There are no known liens on the trailers.

d.   On or about May 15, 2009, Christopher Whitman purchased a 2008 Tennessee Boat Trailer VIN: 1TPSB262181081963 and a 2008 Chaparral BHN: (Boat Hull Number) FGBZ3094J708 for an unknown amount. Whitman obtained financing for the purchase from the DOCU Regional Federal Credit Union. He has made monthly payments from July 2009 through May 2012 (latest records

available) from his business checking account totaling approximately $27,958.44.

e. On June 19, 2009, Whitman purchased a 2009 Harley Davidson Motor Cycle, VIN: 1HD1PX81X9K975921 (V9) for an unknown amount. He purchased the motorcycle with financing from Harley-Davidson Credit. Payments to Harley-Davidson Credit were made with checks, from his business checking account beginning on July 27, 2009 to April 6, 2010, totaling $27,310.90. Record checks indicate a lien from Eaglemark Savings Bank (Harley Davidson Financial). On December 17, 2012, an inquiry made to Harley-Davidson Credit verified that the motorcycle was paid off on April 2, 2010, and no lien exists on the motorcycle.

f. On November 3, 2009, Whitman purchased a 2000 International 9200 Truck, VIN: 3HSCEAMR5YN057740 (V8) for an unknown amount. On this purchase, Whitman obtained financing from Colony Bank. Whitman made payments to Colony Bank, beginning in January 2010 through March 2011 from his business checking account totaling approximately $14,000.87. Record checks indicate a lien from Colony Bank. On December 17, 2012, an inquiry made to Colony Bank verified that the loan was paid off and there is no lien on the vehicle.

g. On January 29, 2010, Whitman purchased a 2007 Chevrolet Silverado C150 Truck, VIN: 2GCEC13V071176443 (V10) for an

unknown amount. Whitman obtained financing from Colony Bank. Whitman made payments to Colony Bank, beginning in February 2010 through January 2011 from his business checking account, totaling $15,738.22. Record checks indicate a lien from Colony Bank. On December 17, 2012, an inquiry made to Colony Bank revealed that the loan was paid off and they do not have a lien on the vehicle.

h. On March 19, 2010, Zachary Whitman purchased a 2010 GMC Sierra K1500, VIN: 3GTRKVE39AG178830, (V11) from Parker Chevrolet for approximately $45,831.28 less a $3,000 down payment, a $8,000 credit for a trade in, and a $6,500 rebate. Zachary Whitman obtained financial from GMAC/Ally in the amount of $28,331.28. Zachary Whitman's down payment and subsequent monthly payments were made from his business checking account. On May 17, 2011, the vehicle was paid off with a $20,646.73 check from the business checking account of Christopher Whitman. Record checks indicate a lien from GMAC. On December 17, 2012, an inquiry made to Ally Financial (GMAC) revealed that the loan was paid off in May 2011 and they do not have a lien on this vehicle.

i. On May 6, 2011, Whitman purchased a 2006 GMC Sierra 150, VIN: 2GTEK13T061139070 (V13), from Parker Chevrolet for $16,623.00. Whitman paid for the vehicle with a check from his

business checking account in the amount of $16,623.00. There is no lien on the vehicle.

j.    On May 12, 2011, Rebecca Whitman/United Industrial of Georgia purchased a 2011 Cadillac Escalade, VIN: 1GYS3DEF7BR253085 (V14) from Jeff Fender Buick GMC Cadillac for approximately $87,082.06 less a $6,000 rebate. Rebecca Whitman obtained financing in the amount of $81,502.06 from BMO Harris NA for the purchase. Monthly payments began in June 2011 and continue through May 2012 (latest available records) totaling $50,171.32. All payments are from a business checking account. Records indicate BMO Harris Bank NA has a lien on this vehicle. On December 17, 2012, BMO Harris Bank verified the loan was paid off on October 2, 2012, and they do not have a lien on the vehicle.

k.    On August 29, 2011, Rebecca Whitman purchased a 2009 Land Rover, VIN: SALSF25429A213580 (V15) from Parker Chevrolet, for $49,638.00. She traded in a 2007 Hummer receiving $17,500 credit. The balance was paid with a check from a business checking account for $32,138.00. This vehicle was placed in Kristen Whitman's name on June 7, 2012. There are no liens on this vehicle.

l.    On October 24, 2011, Christopher Whitman/ United Industrial of Georgia purchased a 2011 Ford Econoline Van VIN: 1FTNE2EL3BDB40366 from Southland Ford for $29,153.72. The

vehicle was paid for with a check from his business checking account in the amount of $29,153.72. There are no liens on the vehicle and the vehicle is registered to United Industrial of Georgia.

m.   On October 3, 2012, Christopher Whitman/ Albany Oil Mill purchased a 2013 Ford F-150 Pick-up Truck VIN: 1FTFW1EF3DFA09967 from Southland Ford for $56,184.48 less a $3,000 rebate. He traded-in a 2012 Ford F-150 purchased on June 20, 2012 with the trade of a 2010 Camaro and a 2011 Ford F-250 Pick-up truck, both of which were purchased with funds or trade-ins that are traceable to proceeds from his business checking account. Whitman financed the balance of the 2013 Ford F-150 purchase with Ford Motor Credit Company P.O. Box 105704 Atlanta, Georgia 30348-5704.

33.   Between April of 2011 and June of 2011, according to the Georgia Secretary of State, Corporate Division, Christopher Whitman created or caused the creation of three new limited liability companies, as follows:

a.   Zamekri, LLC was organized by Christopher Whitman on April 18, 2011, with a principle address of Post Office Box 548, Albany, Georgia. The registered agent was identified as Leigh Ann Flynn, 317 Tift Avenue, Albany, Georgia, 31701.

b.   ULOC, LLC was organized by Christopher Whitman on May 5, 2011, with a principal address of Post Office Box, 548, Albany,

Georgia, 31702. The registered agent was identified as Leigh Ann Flynn, 317 Tift Avenue, Albany, Georgia, 31701.

c.   CWW & Wade, LLC, was created on June 9, 2011, with a principal address of Post Office Box, 548, Albany, Georgia, 31702. Corporation records indicate that Leigh Ann Flynn, 317 Tift Avenue, Albany, Georgia, 31701, was the organizer and the registered agent.

34.   As part of the scheme to defraud, on July 24, 2012, according to the Georgia Secretary of State, Corporate Division, Christopher Whitman began converting the companies he had established as follows:

a.   ULOC, LLC was converted to a limited partnership on July 24, 2012, and was renamed ULOC II, LLP.   Corporation records indicate that Christopher Whitman is listed as the Operating Manager, and the registered agent is identified as Douglas R. Thompson, 3151 Maple Drive, N.E., Atlanta, Georgia, 30305. The name and address of the general partner is Albany Limited Partnership Management, LLC, 317 Tift Avenue, Albany, Georgia, 31701.[9]

b.   Zamekri, LLC was converted to a limited partnership on July 24, 2012, and was renamed Zamerkri, II, L.P.   Corporation records indicate that Christopher Whitman is listed as the Operating Manager, and the registered agent is identified as Douglas R.

---

9 According to the Georgia Secretary of State, Corporate Division, Albany Limited Partnership Management, LLC, was organized on July 13, 2012, by Leigh Ann Flynn, who is also listed as the registered agent, at 317 Tift Avenue, Albany, Georgia, 31701.

Thompson, 3151 Maple Drive, N.E., Atlanta, Georgia, 30305. The name and address of the general partner is Albany Limited Partnership Management, LLC, 317 Tift Avenue, Albany, Georgia, 31701.

c.   CWW & Wade, LLC was converted to a limited partnership on July 24, 2012, and was renamed CWW & Wade, II, L.P. Corporation records indicate that Christopher Whitman is listed as the Operating Manager, and the registered agent is identified as Douglas R. Thompson, 3151 Maple Drive, N.E., Atlanta, Georgia, 30305. The name and address of the general partner is Albany Limited Partnership Management, LLC, 317 Tift Avenue, Albany, Georgia, 31701.

35.   Additionally, on July 24, 2012, and August 31, 2012, according to the Georgia Secretary of State, Corporate Division, Christopher Whitman also amended, created, or caused the creation of additional companies as follows:

a.   United Industrial of Georgia II, L.P., was created on July 24, 2012, with a principle address of 1145 East Broad Street, Albany, Georgia, 31705. Corporation records list the registered agent as Douglas R. Thompson, 3151 Maple Drive, N.E., Atlanta, Georgia, 30305. The name and address of the general partner is Albany Limited Partnership Management, LLC, 317 Tift Avenue, Albany, Georgia, 31701.

93

b.  Albany Oil Mill, II, L.P., was created on July 24, 2012, by Leigh Ann Flynn. Corporation records indicate that she is listed as the sole member, and identifies Douglas R. Thompson, 3151 Maple Drive, N.E., Atlanta, Georgia, 30305, as the registered agent.

c.  Albany Oil Mill, Inc., was initially incorporated on April 12, 1971, and was most recently amended on August 31, 2012. The current records indicate that the principle address of the company is 3729 Georgia Hwy., 33 S. Sylvester, Georgia, 31791. Additionally the registered agent is identified Douglas R. Thompson, 3151 Maple Drive, N.E., Atlanta, Georgia, 30305, the Chief Executive Officer and Chief Financial Officer is listed as Chris Whitman, Post Office Box 548, Albany, Georgia, 31702, and Rebecca Whitman is listed as the secretary.

36.  Based on the investigation, Christopher Whitman billed multiple GBL's for single shipments, fraudulently subcontracted shipments to other carriers, made gratuity payments and offered gifts to gain contracts, and used ULOC's business location to consolidate LTFL shipments into one. In addition, Christopher Whitman used his business and personal bank accounts to further his illegal activities by depositing income derived from the scheme to defraud the government by paying expenses to maintain his illegal operation, and used proceeds of the scheme to maintain or make purchases of certain personal and real property.

### Conclusion

37.  Based on the foregoing, probable cause exists to believe that the

94

Defendant Property constitutes proceeds or were derived from proceeds traceable to violations of a specified unlawful activity, specifically, violations of 18 U.S.C. § 1343 (Wire Fraud), and is therefore, subject to forfeiture pursuant to Section 981(a)(1)(C).

        38.    Additionally, probable cause exists to believe that the Defendant Property constitutes property involved in a transaction or attempted transaction, designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of a specified unlawful activity, in violation of Section 1956, of Title 18, United States Code, or is property traceable to such property, and is therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

        WHEREFORE, the United States of America prays that:

        a.    Process of warrant issue for the arrest of the One Hundred and Eighth through the One Hundred and Twenty Second-Named Defendant Properties;

        b.    Pursuant to 18 U.S.C. § 985(b)(2), and 18 U.S.C. § 983(j), which permits the Court to "take any other action to . . . preserve the availability of [the] property subject to civil forfeiture", the Court issue the proposed Writ of Entry attached to this Complaint authorizing the United States Marshals Service, or their delegate, to enter the Defendant Real Property, including any structures, on one or more occasions during the pendency of this *in rem* forfeiture action:

> i.)    For the purpose of conducting an inspection, inventory and appraisal of the Defendant Real Property, which inspection, inventory and appraisal may include still and video photography;
>
> ii.)  To be accompanied on any such occasion by any appraiser(s) selected by it to appraise the condition and value of the Defendant Real Property pursuant to 19 U.S.C. §1606;

iii.) To be accompanied on any such occasion by any government or contract personnel selected by it for the purpose of conducting an inventory of the Defendant Real Property; and

iv.) To be accompanied on any such occasion by any federal, state, and local law enforcement officers selected by it to ensure the safety of any person acting under the Writ of Entry.

c. The Court order that the Defendant Property be forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and/or Section 981(a)(1)(A);

d. Due notice be given to all parties to appear and show cause why forfeiture should not be decreed;

e. Judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and

f. The United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED, January 29, 2013.

MICHAEL J. MOORE
UNITED STATES ATTORNEY

By: s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO. 052683
UNITED STATES ATTORNEY'S OFFICE
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Facsimile: (478) 621-2712

96

## VERIFICATION

I, Special Agent Ricky L. Burrell, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Department of Defense, Office of Inspector General, Defense Criminal Investigative Service (DCIS), that I have read the foregoing Complaint *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own personal knowledge, except that those matters herein stated to be alleged on information and belief and to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the DCIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 29 day of January, 2013.

SPECIAL AGENT RICKY L. BURRELL
UNITED STATES DEPARTMENT OF DEFENSE
OFFICE OF THE INSPECTOR GENERAL
DEFENSE CRIMINAL INVESTIGATIVE SERVICE

%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | ONE PARCEL OF REAL PROPERTY AND IMPROVEMENTS LOCATED AT 1145 E. BROAD, ALBANY, DOUGHERTY COUNTY, GEORGIA, et al. |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Dougherty
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
United States Attorney's Office
Danial E. Bennett, Assistant United States Attorney
Post Office Box 1702, Macon, Georgia  31202-1702   478/752-3511

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 463 Habeas Corpus - Alien Detainee | | |
| ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 465 Other Immigration Actions | | |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. Section 981(a)(1)(C) and 18 U.S.C. Section 981(a)(1)(A)
Brief description of cause:
Verified Complaint for Forfeiture

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
01/29/2013

SIGNATURE OF ATTORNEY OF RECORD
s/ Danial E. Bennett, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____