

U.S. Department of Justice

Criminal Division

_____
Washington, D.C. 20530

January 27, 2014

**Via Email**
Mr. Hugh Morris, Esq.
hugh@hughmorrislaw.com

        Re:    <u>Cooperation Agreement with Willie Kendrick</u>

Dear Mr. Morris:

        The Public Integrity Section of the United States Department of Justice ("PIN") and the United States Attorneys Office for the Middle District of Georgia ("USAO") (collectively referred to as "the Prosecution") are prepared to enter into a cooperation agreement with your client, Willie Kendrick, as conditioned on the terms set forth in this agreement.

        This agreement is based on information that Mr. Kendrick voluntarily provided during a proffer on January 17, 2014. (A copy of the Proffer Agreement setting forth the ground rules for that meeting is attached.) The information concerns Mr. Kendrick's knowledge of criminal activity by Christopher Whitman and others related to the case of *United States v. Christopher Whitman*, et al, 1:14-cr-00001-WLS-TQL.

        The parties agree that Mr. Kendrick shall cooperate fully with the Prosecution. As part of that obligation, Mr. Kendrick shall disclose all information concerning all matters about which the Prosecution, and the investigative agencies working with it, inquire of him. Mr. Kendrick shall make himself available at all reasonable times requested by representatives of the Prosecution and shall testify truthfully in all proceedings, including grand jury and trial proceedings, as to any subject about which he is questioned. Furthermore, Mr. Kendrick agrees to provide to the Prosecution, upon request, all documents and other materials relating to matters about which this office inquires of him.

        It is understood that Mr. Kendrick must at all times give complete, truthful, and accurate information and testimony. This requirement applies to Mr. Kendricks debriefings by the Prosecution, or agents working at its direction, and to any testimony he may give. Should the Prosecution ever determine (1) that Mr. Kendrick has intentionally given materially false, incomplete or misleading testimony or information, (2) that Mr. Kendrick has participated or attempted to participate in any criminal act subsequent to the date of this agreement, or (3) that Mr. Kendrick has otherwise violated any provision of this agreement, this agreement shall be null and void, and Mr. Kendrick shall thereafter be subject to prosecution for any federal criminal violation of which the

*United States v. Whitman, McCarty & Newell*
1:14-CR-0001-WLS-TQL
Detention Hearings (Jan. 26-27, 2014)
U.S. Dept. of Justice, Public Integrity Section
Trial Attorneys Richard Evans & J.P. Cooney
**Government Exhibit No. CW - 901**

DTN000102

Prosecution has knowledge, including, but not limited to, false statements, perjury, and obstruction of justice. Any such prosecution may be premised upon any testimony or other information provided by Mr. Kendrick before or after the execution of this agreement – including any information provided under the January 17, 2014, Proffer Agreement; all such testimony or other information may be used against him, directly and indirectly. In order for this agreement to be held null and void, the Prosecution would be required to prove that Mr. Kendrick breached this agreement by a preponderance of the evidence.

In the event that this agreement becomes null and void, any prosecution that is not time-barred by the applicable statute of limitations on the date this agreement is signed by Mr. Kendrick may be commenced against him, provided that Mr. Kendrick is charged by information, complaint, or indictment within 180 days from the date on which the Prosecution gave written notice to Mr. Kendrick that this agreement became null and void. With respect to any prosecution, Mr. Kendrick gives up his right to claim that statements made by him before or after the execution of this agreement, including statements made under the January 17, 2014, Proffer Agreement, or any leads from Mr. Kendrick's statements, should be suppressed, whether under Fed. R. Crim. P. 11(f) or Fed. R. Evid. 410.

It is therefore agreed between the Prosecution and Mr. Kendrick that, if he complies with the terms of the agreement, the Prosecution will not charge him with offenses related to the facts and circumstances contained in the Indictment filed in *United States v. Christopher Whitman*, et al, 1:14-CR-00001, and the matters inquired Mr. Kendrick during the January 17, 2014, proffer. This agreement does not provide protection from prosecution for any act of violence or for any criminal activity occurring after the date this agreement is executed.

It is understood that the agreement is limited to PIN and the USAO, and the agreement cannot bind other federal, state, or local prosecuting authorities. In addition, it is understood that the agreement does not prohibit the United States, or any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Mr. Kendrick. If Mr. Kendrick complies with his obligations under the agreement, the Prosecution shall not provide any statement or information obtained directly or indirectly from Kendrick to any other agency or third party if such information would be used to further a civil or criminal investigation or prosecution of of him. The Prosecution, however, shall have full discretion to share any information provided by or derived from Mr. Kendrick if such information would be used to further an investigation or prosecution of any other individual or entity.

The agreement constitutes the full and complete agreement between Mr. Kendrick and the Prosecution. No additional promises, agreements, or conditions have been entered into with respect to Mr. Kendrick's criminal liability other than those set forth in the letter, and none will be entered into unless in writing and signed by both parties.

2

Yours truly,

| | |
|---|---|
| JACK SMITH, Chief<br>Public Integrity Section<br>Criminal Division<br>United States Department of Justice | MICHAEL B. MOORE, United States Attorney<br>United States Attorney's Office<br>Middle District of Georgia |
| *[signatures]*<br>RICHARD B. EVANS<br>J.P. COONEY<br>Trial Attorneys | *[signature]*<br>K. ALAN DASHER<br>Assistant United States Attorney |

    I understand that I will be interviewed in connection with an on-going federal criminal investigation and prosecution. I have voluntarily retained Hugh Morris to serve as my attorney in connection with the investigation and this agreement.

    I have received this the above two-page letter agreement from my attorney, Hugh Morris, and have read it or had it read to me. I hereby acknowledge that I have had an opportunity to discuss the agreement with my attorney and to have any questions I have about it answered. I hereby acknowledge that I understand this agreement and that it fully sets forth my agreement with the Public Integrity Section of the U.S. Department of Justice and the United States Attorneys Office for the Middle District of Georgia. There have been no additional promises or representations made to me by any officials or employees of the United States Government or by my attorney in connection with the matter.

*[signature]*
WILLIE KENDRICK

Witnessed by:

*[signature]*
HUGH MORRIS, ESQ.
Counsel for Willie Kendrick

3

## PROFFER AGREEMENT

The United States of America, represented by its undersigned attorney, and Willie Kendrick, represented by his undersigned attorney, Hugh Morris, enter into this proffer agreement with respect to a proffer to be made by Mr. Kendrick to agents and attorneys of the United States concerning his knowledge about matters that are the subject of the instant criminal investigation.

1. Mr. Kendrick will answer honestly, truthfully, and completely all questions posed to him by agents and attorneys of the United States.

2. By discussing these matters and by accepting Mr. Kendrick's proffer, the United States does not intend in any way to agree to, or represent that it will, confer immunity upon Mr. Kendrick for any possible federal criminal acts committed by him, nor has the United States made any representation or agreement about the disposition of any federal criminal charges which might be filed against him.

3. Should any prosecution be brought against Mr. Kendrick by the United States, the United States will not offer in evidence in its case-in-chief against Mr. Kendrick, or at sentencing of Mr. Kendrick, any statements made by Mr. Kendrick pursuant to this proffer agreement, except in a prosecution for false statements, obstruction of justice in the current investigation, or perjury, or as noted in paragraph five, below.

4. The United States can use information derived from statements by Mr. Kendrick under the proffer agreement directly or indirectly for the purpose of obtaining leads to other evidence, which evidence may be used by the United States against Mr. Kendrick in any prosecution of him.

5. Should any prosecution of Mr. Kendrick be undertaken, the United States may use Mr. Kendrick's statements as substantive evidence for the purpose of cross-examination of him should Mr. Kendrick testify at any phase of trial or sentencing. The United States may also use Mr. Kendrick's statements as substantive evidence to rebut any evidence, factual assertions, or arguments offered by or on behalf of Mr. Kendrick at any phase of trial or sentencing.

6. The provisions of Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure do not apply to any statements made by Mr. Kendrick or any evidence derived from those statements, and Mr. Kendrick waives any right to challenge the admissibility of such evidence under either of these rules.

Dated: January 17, 2014

FOR THE UNITED STATES:

JACK SMITH, Chief
Public Integrity Section

By: *J.P. Cooney*
J.P. COONEY
Trial Attorney
Public Integrity Section
Criminal Division
U.S. Department of Justice

FOR THE WITNESS:

*Willie Kendrick*
WILLIE KENDRICK
Witness

*Hugh Morris*
HUGH MORRIS, Esq.
Attorney for Willie Kendrick