**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

**CHRISTOPHER WHITMAN**

**V.**                                                    **STATUS REPORT**

**UNITED STATES OF AMERICA**
_____xx

Christopher Whitman appears by and through undersigned counsel and files his Status
Report concerning the 28 U.S.C. §2255 motion filed pro se by Whitman, currently pending before
this Honorable Court.

On October 21, 2019 Whitman filed a motion to vacate his sentence pursuant to 28 U.S.C.
§2255 (DE# 446) with the assistance of a "jailhouse lawyer" housed in the same facility as
Whitman. The matter remains pending before this Court.  Undersigned counsel entered their
appearances November 13, 2020 (DE# 474), November 16, 2020 (DE# 475) and November 17, 2020
(DE# 476).

In the motion to vacate raised five grounds, which the undersigned believe have merit on the
face of the document. Presently the undersigned have requested the entire file from the Garland law
firm. We have been advised that there will be four boxes to be delivered this week and that the
electronic data generated in the case is not in the possession of their office, as those who had that
data have left the firm. The Garland firm is making an attempt to locate this data, which will be
relevant to the issues raised in the motion to vacate. According to Mr. Garland, the electronic data
consists of "government discovery that was provided and our efforts to analyze the various pieces
of the case in attempts to create chronological history's [sic]." Mr. Garland advised that it will
probably be after the holidays when this data will be located, but he will review it as soon as it is

1

returned to him and will provide it to us.

The briefing of the issues in the pro se five issue motion did not contain an analysis of the law to support the claims, which the undersigned will provide once the record is read and the claims are better understood by current counsel. The allegations raised in the motion, if true, would indeed be a basis for relief. Therefore the issues  must be properly briefed for the Court, with citations to the record, with affidavits, and with law.

Once the record is read and the briefing is completed, it can be decided whether an evidentiary hearing is appropriate.  On the face of the motion an evidentiary hearing is warranted because, as stated above, the facts, as stated in the motion, if true, demand relief and that is the standard for an evidentiary hearing to be granted. The movant need not prove the facts that would entitle him to relief in order to receive an evidentiary hearing. *Aron v. United States*, 291 F.3d 708, 715 n. 6 (11th Cir. 2002) ("The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only allege — not prove — reasonably specific, nonconclusory facts that, if true, would entitle him to relief.")(emphasis in original). This of course makes sense — if the movant was required to prove the facts that would entitle him to relief before being granted an evidentiary hearing, the hearing itself would be superfluous.

Courts have taken a relatively expansive view of when a hearing is required. See *United States v. Lilly*, 536 F.3d 190, 195 (3rd Cir. 2008)(The standard is not a "high bar for habeas petitioners to meet"); *Government of Virgin Islands v. Weatherwax*, 20 F.3d 572, 573 (3rd Cir. 1994)(Allegations that are not conclusively refuted by the record warrant evidentiary hearing); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)(Where allegations were not "contradicted by the record, inherently incredible, or conclusions rather than statements of facts,"

evidentiary hearing should have been held). If a factual dispute exists at all, a hearing must be held. See *Bender v. United States*, 387 F.2d 628, 630 (1st Cir. 1967) (Affidavit/counter affidavit established a disputed fact, hearing required). Evidentiary hearings are designed to settle factual disputes, and it seems certain that there will be numerous factual disputes in this case.

## CONCLUSION

WHEREFORE, it is respectfully requested that the disposition of this case be withheld until the undersigned has possession of the file in this case and has the opportunity to read it and properly brief the pro se motion. This concludes the status report on this case as of this date.

This 30th day of November, 2020.

Respectfully submitted,

/s/ *Linda S. Sheffield*

_____
LINDA S. SHEFFIELD
GA BAR NO. 639725

Post Office Box 682136
Marietta, GA 30068
(770) 671-1234 Office
(404) 372-0666 Mobile
lindasheffield@gmail.com

/s/ *Robert McLendon*

_____
ROBERT MCLENDON
GA BAR NO. 497555

214 Court Square, 2nd Floor
Blakely, GA 39823
229-723-2635 Office
229-723-2007 FAX
robmclendon4@hotmail.com

/s/ *Justin Arnold*

_____
JUSTIN ARNOLD
GA BAR NO. 153007

3

416 W. Lamar Street
Americus, GA 31709
229-389-2045 Office
jarnold@arnoldhooks.com

## CERTIFICATE OF SERVICE

I, LINDA S. SHEFFIELD, hereby certify that a copy of Christopher Whitman's **STATUS REPORT** has

been served through the ECF system on parties subscribing to electronic filing.

This 30th day of November, 2020.

/s/ *Linda S. Sheffield*