# TRIAL TRANSCRIPT VOLUME 16, PAGES 25-30
# RE GRATUITY INSTRUCTION

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
 2                        ALBANY DIVISION

 3    ─────────────────────────────

      THE UNITED STATES OF AMERICA  :
 4                                  :  Case No. 1:14-CR-1(WLS/TQL)
      v.                            :
 5                                  :     February 23, 2015
      CHRISTOPHER WHITMAN,          :       Albany, Georgia
 6    SHAWN MCCARTY,                :
      BRADFORD NEWELL, DEFENDANTS   :       VOLUME 16 of 23
 7    ─────────────────────────────
                          CRIMINAL JURY TRIAL
 8                 BEFORE THE HONORABLE W. LOUIS SANDS
                 UNITED STATES DISTRICT JUDGE, PRESIDING
 9    APPEARANCES:
      FOR THE GOVERNMENT:           JOSEPH PATRICK COONEY
10                                  U.S. DEPARTMENT OF JUSTICE
                                    1400 NEW YORK AVE NW 12TH FL
11                                  WASHINGTON, DC 20005

12                                  RICHARD B. EVANS
                                    U.S. DEPARTMENT OF JUSTICE
13                                  450 FIFTH ST NW STE 11300
                                    WASHINGTON, DC 20005
14
                                    KENNETH ALAN DASHER
15                                  U.S. ATTORNEY'S OFFICE
                                    201 W. BROAD AVENUE 2ND FL
16                                  ALBANY, GA 31701

17    FOR DEFENDANT WHITMAN:        EDWARD T.M. GARLAND
                                    MATTHEW D. DALEY
18                                  3151 MAPLE DRIVE, N.E.
                                    ATLANTA, GA 30305
19
                                    ROBERT M. MARGESON, III
20                                  P.O. BOX 768
                                    ALBANY, GA 31702
21
      FOR DEFENDANT MCCARTY:        WILBUR T. GAMBLE, III
22                                  P.O. BOX 577
                                    DAWSON, GA 31742
23
      FOR DEFENDANT NEWELL:         CHARLES EDWARD PEELER
24                                  P.O. BOX 7
                                    ALBANY, GA 31702
25
      SALLY L. GRAY, USCR / P.O. BOX 853 / ALBANY, GA 31702
```

```
 1    (RECONVENED; ALL PARTIES PRESENT)
 2             THE COURT:  All right.  First of all, the Court
 3    has received a copy of the proposal, as far as the lesser
 4    included gratuity charge, from the Defendant Whitman.
 5    Does the government have any response?
 6             MR. COONEY:  I'm sorry, Your Honor.  I have not
 7    been provided a copy of it.
 8             THE COURT:  Okay.
 9             MR. COONEY:  I can give -- without having seen
10    it, I can give a general --
11             THE COURT:  Well, let me hand this down.
12    There's a note to the Court, and there are two from
13    Sections 201(c) and (b) of --
14             MR. COONEY:  I can tell you without looking at
15    it that the government opposes the lesser included
16    offense.  And, so, maybe I'll start there, and then --
17             THE COURT:  Well, do you want to at least look
18    at what was submitted so we all agree we're talking about
19    the same thing.
20             MR. COONEY:  Thank you.
21             MR. GARLAND:  We sent an e-mail, but --
22             THE COURT:  I assumed that they had gotten
23    the --
24             MR. COONEY:  I do not ascribe any ill motives
25    to anyone.
```

1  THE COURT: I understand.
2  MR. COONEY: We don't have our e-mail up here.
3  THE COURT: All right. So the Court just
4  handed down its copy that it received.
5  MR. COONEY: Your Honor, I think a few things
6  is, first, in light of -- I would just note in light of
7  the timing of the request, I think this is coming at the
8  very last minute. I would note for the record that two
9  of the defendants object. And, third, that an important
10 difference between gratuity and bribery is the absence of
11 corrupt intent, and, as Your Honor noted, if the
12 government fails to prove corrupt intent on these facts,
13 it's not a matter of whether it's a gratuity or a bribe,
14 on these facts, it's an outright acquittal. And nothing
15 about this instruction impacts that one way or the other,
16 and to the contrary, on these particular facts in this
17 case, based on the allegations in the indictment, the
18 facts as presented, as well as the Court's instructions
19 on corrupt intent and specific intent with respect to
20 extortion and whatnot, providing an additional
21 gratuity-related instruction will be confusing and
22 misleading.
23     On these facts, the Court has clearly set forth what
24 the standards are, clearly set forth in the bribery
25 instruction that the payment must be in exchange for an

1   official act, and -- as opposed to for some other
2   purpose, some other exclusive purpose, and if the
3   government fails to prove that, it would, as I say, be an
4   acquittal.
5        So, on these particular facts where there is little,
6   if any, whatsoever evidence to support the theory that
7   these were gratuities, as opposed to for some other
8   purpose, a lesser-included instruction is unnecessary and
9   simply unwarranted.
10           THE COURT: All right. Mr. Garland, do you
11  want to speak briefly in support of your --
12           MR. GARLAND: Yes. A jury can accept one piece
13  of a fact and reject the others. They are the judges of
14  the facts. They can reject the theory and the evidence,
15  and find just that, and we think it's appropriate, and I
16  have nothing further.
17           THE COURT: All right. Does any other
18  defendant wish to be heard?
19           MR. GAMBLE: Your Honor, I do. Just, when we
20  placed our objection, I guess I should narrow it more as,
21  I object to it being placed upon Defendant McCarty's
22  counts of the indictment. If it's placed on an
23  instruction concerning -- if it relates only to Mr.
24  Garland, it's a separate situation, Your Honor.
25           THE COURT: All right.

```
 1          MR. PEELER: And I may clarify that too, Your
 2   Honor.  We're not asking for a lesser-included charge of
 3   gratuities on behalf of Newell.
 4          THE COURT: All right.  I understand that.  All
 5   right.  Of course, it is a late submission, as indicated
 6   by counsel for the government, however, it's always
 7   possible to submit matters that just are not clear, or do
 8   not become clear until the end of the case.  However,
 9   here, as I said earlier, the defendants are clearly
10   charged with corrupt acts allegedly based upon the
11   bribery statute and not the lesser included matter of a
12   gratuity.
13       I think there is little, if any, evidence in the
14   record of payments being made as gratuity.  So, in that
15   sense, the jury will be being asked to deliberate on a
16   matter that's not really clearly in the case.  And I
17   think it would be more confusing than it would be of
18   aiding the jury in its deliberation.
19       And I think it's an all or nothing here.  The
20   government either proves a corrupt thing of value given
21   to a public official, or they don't.  And if the jury
22   finds that that corruption is not proven, then the
23   verdict must be not guilty, as I will instruct the jury,
24   and not even consider a lesser-included offense.  I think
25   the other situation that I talked about earlier with
```

Case 1:14-cr-00001-WLS-TQL   Document 489-2   Filed 03/03/21   Page 7 of 9

29

```
 1   regard to the value, that's a different circumstance, and
 2   I agree that that should remain as a lesser included
 3   offense as to those, the theft counts.
 4        All right. You all received a copy of the change.
 5   The Court dropped the words "a specific" from the
 6   language the government talked about, about having a
 7   specific official act. And I think that makes it read,
 8   "it must be for an official act in return," which I think
 9   generally keeps it with the language that's intended.  I
10   think that addresses the issue that you had.
11        MR. COONEY:  I appreciate that, Your Honor.  I
12   would point out that actually there were two sentences
13   where the one word "specific" was used.
14        THE COURT:  Okay. Well, did we miss one?
15        MR. COONEY:  We missed one of them, yes.  On
16   page 21, and I'm looking at your revised, that first
17   paragraph in the third sentence, the word "specific"
18   still is in there next to official act.
19        THE COURT:  Where? Read the sentence if you
20   would.
21        MR. COONEY:  Certainly. It is: However, the
22   government must prove beyond a reasonable doubt that the
23   money or thing of value given was for a "specific"
24   official act.
25        THE COURT:  Then, "for an official act," would
```

1  be the way it would read.
2       **MR. COONEY:** That is a correct statement of
3  law, Your Honor.
4       **THE COURT:** All right. So that's what the --
5  that's change the Court will make.
6       **MR. COONEY:** And you did already change it in
7  the -- it was in the last sentence as well, but you did
8  change that, I think.
9       **THE COURT:** Okay. The idea that it must be for
10 an official act. That's obviously the situation, but it
11 does not overstate it as particularized. I think that
12 was the concern. All right. So those two changes are
13 made as requested.
14      The Court also made the changes in the verdict form
15 that everyone agreed to. The Court is going to further
16 instruct the jury when I talk about the verdict form
17 later today, I'll just remind them that: As to Counts
18 31, 32, 33, 48, and 49, the name of the alleged public
19 official is stated solely for purpose of clearly
20 identifying for you the person who is the alleged public
21 official required -- rather, referred to in those counts.
22      Of course, as I stated, it is a question of fact for
23 you to determine whether or not the government has proved
24 beyond a reasonable doubt that the person stated is in
25 the verdict form was, in fact, a public official.

## APPENDIX TABLE OF CONTENTS

EXHIBIT 1 - Trial Transcript Volume 16, Pages 25-30 Request for Gratuity Instruction

EXHIBIT 2 - Trial Transcript Volume 16, Pages 31-70 Jury Instruction

EXHIBIT 3 - U.S.S.G. Amendment 791 Effective November 1, 2015, Reducing Guideline Sentence for Loss Amount

EXHIBIT 4 - Douglas R. Thompson letter to Whitmans' referencing "WE" discussed with Garland

EXHIBIT 5 - Thompson & Singer Billing Records. 2013 Payee Ron Thompson; 2014 payee to be Thompson & Singer

EXHIBIT 6 - Janice Singer Letters

EXHIBIT 7 - **FILED UNDER SEAL** Janice Singer SEALED affidavit with attachment

EXHIBIT 8 - Kelli Durham Plea Agreement

EXHIBIT 9 - Kelli Durham Docket Sheet

EXHIBIT 10 - 3 Checks from Garland firm's IOLTA Account to Christopher Whitman

EXHIBIT 11 - Whitman Opinion Eleventh Circuit, 887 F. 3d 1240 (11th Cir. 2018)

EXHIBIT 12 - Export Report from Matthew Kaiser