# TRIAL TRANSCRIPT VOLUME 16, PAGES 31-70 COMPLETE JURY INSTRUCTION

```
1              IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
2                        ALBANY DIVISION
                    _____
3

   THE UNITED STATES OF AMERICA :
4                                 : Case No. 1:14-CR-1(WLS/TQL)
   v.                             :
5                                 :       February 23, 2015
   CHRISTOPHER WHITMAN,           :        Albany, Georgia
6  SHAWN MCCARTY,                 :
   BRADFORD NEWELL,  DEFENDANTS :       VOLUME 16 of 23
7  _____
                       CRIMINAL JURY TRIAL
8               BEFORE THE HONORABLE W. LOUIS SANDS
            UNITED STATES DISTRICT JUDGE, PRESIDING
9  APPEARANCES:
   FOR THE GOVERNMENT:            JOSEPH PATRICK COONEY
10                                U.S. DEPARTMENT OF JUSTICE
                                  1400 NEW YORK AVE NW 12TH FL
11                                WASHINGTON, DC 20005

12                                RICHARD B. EVANS
                                  U.S. DEPARTMENT OF JUSTICE
13                                450 FIFTH ST NW STE 11300
                                  WASHINGTON, DC 20005
14
                                  KENNETH ALAN DASHER
15                                U.S. ATTORNEY'S OFFICE
                                  201 W. BROAD AVENUE 2ND FL
16                                ALBANY, GA 31701

17 FOR DEFENDANT WHITMAN:         EDWARD T.M. GARLAND
                                  MATTHEW D. DALEY
18                                3151 MAPLE DRIVE, N.E.
                                  ATLANTA, GA 30305
19
                                  ROBERT M. MARGESON, III
20                                P.O. BOX 768
                                  ALBANY, GA 31702
21
   FOR DEFENDANT MCCARTY:         WILBUR T. GAMBLE, III
22                                P.O. BOX 577
                                  DAWSON, GA 31742
23
   FOR DEFENDANT NEWELL:          CHARLES EDWARD PEELER
24                                P.O. BOX 7
                                  ALBANY, GA 31702
25 _____
```

*SALLY L. GRAY, USCR / P.O. BOX 853 / ALBANY, GA 31702*

1        So that's being done so that the Court is not

2    suggesting that that's a matter that's found as a fact,

3    but one for their guidance in determining whether that's

4    been met under the finding.  And I think that's

5    consistent with everyone's understanding that that makes

6    it clearer for the jury to express its verdict.

7        I think those were the only matters that were left.

8    If I am not correct in that belief, remind me.  All

9    right.  Then we're going to proceed with the

10   instructions.

11       As I stated, the members of the audience will not be

12   able to leave or return during the Court's instructions.

13   So if you need to leave, you should do so now.  Otherwise

14   you will be with us through the Court's instructions.

15   You may bring the jury in.

16           **MR. COONEY:**  May I pass this back up, Your

17   Honor.

18           **THE COURT:**  Yes.

19   *(Jury In 10:50 a.m.)*

20           **THE COURT:**  You may be seated.  Good morning,

21   ladies and gentlemen of the jury.  I trust everyone had

22   a restful weekend.  Is there anything that anyone needs

23   to bring to the Court's attention that occurred over the

24   weekend?  I have not heard anything.  Not hearing any,

25   all right, then we are ready to proceed with Court's

1    instructions.  And basically what we'll do, I will give

2    you the bulk of the instructions now.  Then we'll

3    probably take a short recess and then have the actual

4    arguments from counsel before the Court gives you final

5    instructions, just to instruct you on how we will be

6    going forward at this time.

7         Members of the jury, I will now explain the rules of

8    law that you must follow and apply in deciding this case.

9    When I have finished, and following arguments of counsel

10   and some final instructions, you will go to the jury room

11   and begin your discussions, what we call your

12   deliberations.

13        I have written my instructions and will provide you

14   a copy for reference during your deliberations, therefore

15   you may, but need not take notes or try to memorize the

16   instructions.  It is important, instead, that you pay

17   close attention as I go through these instructions with

18   you.

19        It will be your duty to decide whether the

20   government has proved beyond a reasonable doubt the

21   specific facts necessary to find the defendants guilty of

22   the crimes charged in the indictment.

23        I instruct you that where I refer to the defendants

24   in these instructions, the Court is referring to

25   Christopher Whitman, Shawn McCarty, and Bradford Newell.

You must make your decision only on the basis of the testimony and other evidence presented during trial, and you must not be influenced in any way by sympathy or prejudice for or against the defendants or the government.

You must also follow the law as I explain it to you whether you agree with that law or not, and you must follow all of my instructions. You may not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, every defendant is presumed by the law to be innocent. The law does not require a defendant to prove his or her innocence or to produce any evidence at all.

The defendants do not have to testify, and if a defendant or defendants choose not to testify, you could not consider that in any way while making your decision.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt, and if it fails to do so, you must find the defendants not guilty.

Thus, while the government's burden of proof is a heavy burden, it is not necessary that the defendants' guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any reasonable doubt concerning the defendants' guilt.

1      A reasonable doubt is a real doubt based upon reason

2   and common sense after careful and impartial

3   consideration of all the evidence in the case.  Proof

4   beyond a reasonable doubt, therefore, is proof of such a

5   convincing character that you would be willing to rely

6   and act upon it without hesitation in the most important

7   of your own affairs.

8      If you are convinced that the defendants have been

9   proved guilty beyond a reasonable doubt, say so.  If you

10  are not convinced, say so.  As I said earlier, you must

11  consider only the evidence that I have admitted in the

12  case.

13     The term "evidence" includes the testimony of the

14  witnesses and the exhibits admitted in the record.

15  Remember that anything the lawyers say is not evidence in

16  the case.  It is your own recollection and interpretation

17  of the evidence that controls.  What the lawyers say is

18  not binding upon you.

19     Also, you should not assume from anything that I may

20  have said that I have any opinion concerning any of the

21  issues in this case.

22     You must consider the case of each defendant and

23  each count separately and individually.  If you find a

24  defendant guilty or not guilty of one crime, that must

25  not affect your verdict as to any other defendant or

1    count.

2        I caution you that each defendant is on trial only

3    for the specific crimes alleged in the indictment.  You

4    are here to determine from the evidence in this case

5    whether each defendant is guilty or not guilty of the

6    crimes charged in the indictment.

7        You must never consider punishment in any way to

8    decide whether a defendant is guilty or not guilty.  If

9    you find a defendant guilty, the punishment is for the

10    judge alone to determine later -- or to decide later.

11        In this case you have been permitted to take notes

12    during the course of the trial, and most of you, perhaps

13    all of you, have taken advantage of that opportunity and

14    have made notes from time to time.

15        You will have your notes available to you during

16    your deliberations, but you should make use of them only

17    as an aid to your memory.  In other words, you should not

18    give your notes any precedence over your independent

19    recollection of the evidence or the lack of evidence, and

20    neither should you be unduly influenced by the notes of

21    other jurors.

22        I emphasize that notes are not entitled to any

23    greater weight than the memory or impression of each

24    juror as to what the testimony may have been.

25        In considering the evidence, you may make deductions

1    and reach conclusions that reason and common sense lead

2    you to make, and you should not be concerned about

3    whether the evidence is direct or circumstantial.

4         Direct evidence is the testimony of one who asserts

5    actual knowledge of a fact, such as an eye witness.

6         Circumstantial evidence is proof of a chain of facts

7    and circumstances tending to prove or disprove an

8    ultimate conclusion.  The law makes no distinction

9    between the weight you may give to either direct or

10   circumstantial evidence.

11        Now, in saying that you must consider all of the

12   evidence, I do not mean that you must accept all of the

13   evidence as true or accurate.  Certain charts and

14   summaries have been admitted into evidence in order to

15   summarize facts allegedly shown by documents and records

16   which themselves are too voluminous to be conveniently

17   examined in court.

18        You should consider the evidence presented

19   concerning the preparation and accuracy of those charts

20   and summaries and give each of them such weight as you

21   believe it deserves.

22        You are further instructed that with regard to any

23   such chart or summary, you may review the alleged

24   underlying evidence to determine for yourselves whether

25   the chart or summary is accurate and supported by the

1    evidence.

2         You must also decide whether you believe what each

3    witness had to say and how important that testimony was.

4    Also, the number of witnesses testifying concerning any

5    particular matter is not controlling.

6         In deciding whether you believe or do not believe

7    any witness, I suggest you ask a few questions.

8         Did the person impress you as one who was telling

9    the truth?  Did the witness have any particular reason

10   not to tell the truth?  Did the witness have personal

11   interest in the outcome of the case?  Did the witness

12   seem to have a good memory?

13        Did the witness have the opportunity and ability to

14   observe accurately the things he or she testified about?

15   Did the witness appear to understand the questions

16   clearly and answer them directly?  Did the witness's

17   testimony differ from other testimony or other evidence?

18        You should also ask yourselves whether there was

19   evidence tending to prove that the witness testified

20   falsely concerning some important fact or whether there

21   was evidence that at some other time the witness said or

22   did something, or failed to say or do something that was

23   different from the testimony the witness gave before you

24   during the trial.

25        You should keep in mind, of course, that a simple

1   mistake by a witness does not necessarily mean that the

2   witness was not telling the truth as he or she remembers

3   it, because people naturally tend to forget some things

4   or remember other things inaccurately.

5       So, if a witness has made a misstatement, you need

6   to consider whether it was simply an innocent lapse of

7   memory or an intentional falsehood, and the significance

8   of that may depend on whether it has to do with an

9   important fact or with only an unimportant detail.

10      If a witness has shown to have knowingly testified

11  falsely concerning any material matter, you have a right

12  to distrust such witness's testimony on other

13  particulars, and you may reject all the testimony of that

14  witness or give it such weight as you may think it

15  deserves.

16      The fact that a witness has been convicted of a

17  felony offense is another factor you may consider in

18  deciding whether you believe that witness.  I instruct

19  you that the following offenses are felony offenses:

20      Bribery of a public official, theft by receiving

21  stolen property, and conspiracy to defraud the United

22  States.

23      You must consider some witnesses' testimony with

24  more caution than others.  For example, witnesses who

25  have been promised immunity from prosecution or witnesses

1    who hope to gain more favorable treatment in their own

2    cases may have a reason to make a false statement in

3    order to strike a good bargain with the government.

4         So, while a witness of that kind may be entirely

5    truthful when testifying, you should consider that

6    testimony with more caution than the testimony of other

7    witnesses.

8         Also in this case, the government called as

9    witnesses persons with whom the government has entered

10   into plea agreements -- into a plea agreement, rather,

11   providing for the possibility of a lesser sentence than

12   the witnesses would otherwise be exposed to.

13        Such plea bargaining, as it's called, has been

14   approved as lawful and proper and is expressly provided

15   for in the rules of this court.  However, a witness who

16   hopes to gain more favorable treatment in his or her own

17   case may have a reason to make a false statement because

18   the witness wants to strike a bargain with the

19   government.

20        So, while a witness of that kind may be entirely

21   truthful when testifying, you should consider that

22   testimony with more caution than the testimony of another

23   witness or of other witnesses.

24        And, of course, the fact that a witness has pled

25   guilty to a crime charged in the indictment or in a

1   separate, but related case is not evidence in and of

2   itself of the guilt of any other person.

3       Also, evidence that an alleged co-conspirator

4   pleaded guilty to a conspiracy charge in which a

5   defendant in this case was alleged to be a member is not

6   in itself evidence that any defendant on trial or anyone

7   else was a member of the conspiracy to which the witness

8   pleaded guilty, nor is the witness's guilty plea evidence

9   that any defendant on trial in this case was a member of

10  a conspiracy as alleged by the government, but not

11  charged in this trial.

12      You have heard testimony of statements allegedly

13  made by an alleged co-conspirator of one or more of the

14  defendants.  None of the defendants in this case are

15  charged with conspiracy in the indictment.  However, you

16  may consider whether there is sufficient evidence to

17  prove a conspiracy beyond a reasonable doubt of which a

18  defendant in this case and the alleged co-conspirator

19  were members in considering whether an alleged statement

20  made during the alleged conspiracy and in furtherance of

21  -- let me state that again.

22      However, you may consider whether there is

23  sufficient evidence to prove a conspiracy, beyond a

24  reasonable doubt, of which a defendant in this case and

25  the alleged co-conspirator were members in considering

1    whether an alleged statement was made during the alleged

2    conspiracy and was in furtherance of the conspiracy.

3        Since co-conspirators are agents of each other, the

4    statements of each may be attributed to the other if made

5    during the alleged conspiracy and made in furtherance of

6    the alleged conspiracy.

7        A conspiracy is an agreement by two or more persons

8    to commit an unlawful act where at least one of the

9    co-conspirators does some act to effect an object of the

10   conspiracy.  In other words, it is a kind of partnership

11   for criminal purposes.  Every member of the conspiracy

12   becomes the agent or partner of every other member.

13       None of the defendants in this case are charged with

14   a conspiracy.  If you find that an alleged conspiracy has

15   been proven, you may only consider that alleged

16   conspiracy only for the purpose of the determining

17   whether the alleged statements were made and whether they

18   were made in furtherance of the conspiracy.

19       If you find that the alleged conspiracy has not been

20   proven or that the alleged statements were either not

21   made at all or were not made in furtherance of the

22   alleged conspiracy, you may not attribute any such

23   statements to the alleged co-conspirator defendant on

24   trial.

25       Whether the government has proven a conspiracy as

1    alleged, although not charged in the indictment, and

2    whether any statement attributed to an alleged

3    conspirator was, in fact, made and whether such as

4    statement was in furtherance of the alleged conspiracy is

5    for you to determine upon the facts and circumstances as

6    shown by the evidence as you find the evidence to be

7    beyond a reasonable doubt.

8        When scientific, technical, or other specialized

9    knowledge might be helpful, a person who has special

10   training or experience in that field is allowed to state

11   an opinion about the matter.  However, that does not mean

12   that you must accept the witness's opinion.  As with any

13   other witness's testimony, you must decide for yourself

14   whether to rely upon that opinion.

15       The government must prove beyond a reasonable doubt

16   that each defendant was the person who committed the

17   crimes charged in the indictment.  If a witness

18   identifies a defendant as a person who committed a crime

19   charged, you must first decide, as with any other

20   witness, whether that witness is telling the truth.

21   Then, if you believe the witness was truthful, you decide

22   how accurate the identification was.

23       Again, I suggest that you ask yourself a number of

24   questions.  Did the witness have an adequate opportunity

25   at the time of the alleged crime to observe the person in

1   question?  What length of time did the witness have to

2   observe the person?  What were the prevailing conditions

3   at the time in terms of visibility or distance and the

4   like?  Had the witness known or observed the person at

5   earlier times?

6       After examining all the evidence, if you have a

7   reasonable doubt that a defendant was the person who

8   committed the crime or crimes charged against him in the

9   indictment, you must find that defendant not guilty.

10      Now, at this time I will explain the indictment

11  which outlines the offenses charged against the

12  defendants, which are called counts.

13      Defendant Christopher Whitman is charged in 54

14  offenses in the indictment.  Counts 1 through 30, 31

15  through 33, 35 through 47, 48, 49, and 51 through 56.

16      Defendant Shawn McCarty is charged with 32 offenses

17  in the indictment.  Counts 4 through 30, 34, and 57.

18      Defendant Bradford Newell is charged with 15

19  offenses in the indictment.  Counts 35 through 47, 50,

20  and 51.

21      A copy of the indictment will be available to you

22  for your reference during your deliberations, however

23  remember that the indictment is not evidence of guilt or

24  of anything else in this case.

25      Defendant Whitman is charged with participating in

1   an alleged transportation scheme to deprive the United

2   States of money, property, and honest services through

3   use of interstate wires in Counts 1 through 30 of the

4   indictment.

5       Defendant McCarty is charged with participating in

6   an alleged transportation scheme to deprive the United

7   States of money, property, and honest services through

8   use of interstate wires in Counts 4 through 30 of the

9   indictment.

10      Defendants Whitman and Newell are charged with

11  participating in an alleged theft scheme to deprive the

12  United States of money, property, and honest services

13  through the use of interstate wires in Counts 35 through

14  47 of the indictment.

15      It is a federal crime to use interstate wire

16  communications to carry out a scheme or artifice to

17  defraud someone else of money or property or to defraud

18  or deprive someone else of a right to honest services.

19      With respect to Counts 1 through 30 and 35 through

20  47, a defendant can be found guilty of this crime only if

21  all of the following facts are proved beyond a reasonable

22  doubt.

23      One, the defendant knowingly devised or intended to

24  devise a scheme or artifice; (A) to the defraud the

25  United States or the Department of Defense of money or

1    property; and/or (B), to defraud or deprive the United

2    States, the Department of Defense, or the citizens of the

3    United States of the intangible right of honest services

4    through bribery.

5        Two, the defendant did so with the specific intent

6    to defraud.  Three, the scheme or artifice involved a

7    material misrepresentation, false statement, false

8    pretense, or concealment of fact.  And, four, the

9    defendant transmitted or caused to be transmitted by wire

10    some communication in interstate commerce to help carry

11    out the scheme or artifice to defraud.

12        A scheme or artifice to defraud includes any plan or

13    course of action intended to deceive or cheat someone out

14    of money, property, or honest services by using false or

15    fraudulent statements, pretenses, representations, or

16    promises.

17        A statement or representation is false or fraudulent

18    if it is about a material fact that the speaker knows is

19    untrue or makes with reckless indifference to the truth

20    and makes with the intent to defraud.

21        A statement or representation may be false or

22    fraudulent when it is a half truth or effectively

23    conceals a material fact and is made with the intent to

24    defraud.

25        The government must prove beyond a reasonable doubt

that the schemes or artifices alleged involved a material

misrepresentation, false statement, false pretense, or

concealment of a material fact.

A representation, statement, false pretense, or

omission is material if it has the capacity or natural

tendency to influence a person's decision.  It does not

matter whether the decision maker actually relied on the

statement or knew or should have known that the statement

was false.

The intent to defraud is the specific intent to

deceive or cheat someone, usually for personal financial

gain or to cause financial loss to another person or

entity.

The government must prove the schemes or artifices

alleged in the indictment beyond a reasonable doubt and

substantially as alleged.  Therefore, if you find based

upon the evidence that an alleged scheme or artifice was

not proved substantially as alleged beyond a reasonable

doubt, or, that a scheme or artifice was proved that is

substantially different than the scheme or artifice

alleged, then the government will not have met its

burden, and you must find the defendant or defendants not

guilty as to the scheme or artifice alleged.

However, the government does not have to prove every

detail of the alleged scheme or artifice as alleged in

1    the indictment.  The government is not required to prove

2    that the material transmitted by interstate wire was

3    itself false or fraudulent, or, that using the wire was

4    intended as a specific or exclusive means of carrying out

5    the alleged fraud, or, that a defendant personally made

6    transmission over the wire.

7        The government also does not have to prove that the

8    alleged scheme or artifice actually succeeded in the

9    defrauding anyone.

10       Each separate use of interstate wire communications

11   alleged as a part of a scheme or artifice to defraud, if

12   proved beyond a reasonable doubt, is a separate crime.

13       The government alleges in Counts 1 through 30 that

14   Defendant Whitman participated in a transportation scheme

15   or artifice, and in Counts 4 through 30 that Defendant

16   McCarty participated in a transportation scheme or

17   artifice.

18       The government also alleges in Counts 35 through 47

19   that Defendants Whitman and Newell participated in a

20   theft scheme or artifice.

21       The government alleges that each of these

22   transportation and theft schemes or artifices involved

23   two objects.

24       The first alleged object was to fraudulently defraud

25   the United States Department of Defense of money or

1    property:  The money or property object.

2        The second alleged object was to fraudulently

3    defraud or deprive through bribery the United States, the

4    Department of Defense, or the citizens of the United

5    States of the intangible right of honest services:  The

6    honest services object.

7        The government does not have to prove that each

8    alleged scheme or artifice involved both alleged objects.

9        You may find the particular defendant about whom you

10   are deliberating guilty of wire fraud if you find beyond

11   a reasonable doubt that he knowingly with the intent to

12   defraud devised or participated in a scheme or artifice

13   involving either the money or property object or the

14   honest services object or both of those objects.

15       However, honest services fraud criminalizes only

16   schemes or artifices to defraud that involve bribery or

17   kickbacks as alleged.  Thus, if you find that any

18   defendant did not engage in bribes or kickbacks, you must

19   return a verdict of not guilty for the counts against the

20   defendant charging wire fraud unless you find beyond a

21   reasonable doubt that he devised or participated in a

22   scheme or artifice involving the alleged money or

23   property object.

24       If the government proves neither of the alleged

25   objects beyond a reasonable doubt, you must find the

1  defendant not guilty of the alleged scheme or artifice

2  crimes.

3      I will describe both alleged objects of the alleged

4  schemes or artifices to you in more detail now.

5      To defraud someone of money or property is to

6  deceive or cheat them out of money or property.

7      To defraud or deprive someone else of the intangible

8  right of honest services is to violate or to cause a

9  public official to violate a duty to provide honest

10  services to the United States Government, Department of

11  Defense, or the citizens of the United States through

12  bribery.

13      In order for you to find that the defendant or other

14  person was a public official at the time of the crime

15  charged, the government must prove beyond a reasonable

16  doubt that the defendant or other person was an officer

17  or employee or a person acting for or on behalf of the

18  United States or any department, agency, or branch of

19  government thereof in any official function under or by

20  authority of any such department, agency, or branch of

21  government.

22      A person who is not an employee or officer of the

23  United States, but who functions under or by authority of

24  any such department, agency, or branch of the United

25  States Government may be a public official.

1          To be a public official an individual must possess

2     some degree of official responsibility.  The person need

3     not be an employee of the federal government.  The

4     definition of public official is broad enough to cover

5     persons working for private organizations so long as the

6     government has proven beyond a reasonable doubt that the

7     person is a public official.

8          But the mere presence of a defendant or other person

9     employed by a private organization at a government

10    department, agency, branch, or contractor is not enough

11    to make that defendant or other person a public official.

12         Public officials must act in the public's best

13    interest.  In other words, they have a duty to the public

14    to do what is best and what is right for the public with

15    respect to their official duties and employment.

16         So, if an official does something or makes a

17    decision that serves the official's personal interest by

18    taking a bribe, the official or employee defrauds the

19    public of honest services, even if the public agency

20    suffers no monetary loss.  The wrong, if done, is

21    accepting payment of a bribe for the public official's

22    official action.

23         A kickback is any kind of secret payment or reward a

24    person gives to an employee who has been dealing in the

25    course of employment with the person so that the

1   employee's personal financial interest interferes with

2   the employee's obligation to act in the best interest of

3   his or her employer.

4        The government must prove beyond a reasonable doubt

5   that the defendant intended to breach or cause a breach

6   of the public official's duty and foresaw or should have

7   foreseen that the United States, the Department of

8   Defense, or the citizens of the United States might

9   suffer a loss as a result of the breach.  However, the

10  government need not prove that any loss actually occurred

11  as a result of the breach.

12       The defendant need not himself be a public official

13  to be guilty of honest services fraud.  Although a

14  private citizen does not owe a duty of honest services to

15  the public, a private citizen can be found guilty of

16  honest services fraud if he knowingly devises or

17  participates in a scheme or artifice intended to deprive

18  the public of its right to a public official's honest

19  services through bribery.

20       The indictment alleges that the defendants committed

21  honest services fraud by means of bribery.  Bribery

22  requires a specific intent to give or receive something

23  of value in exchange for one or more official acts.

24       I will define bribery for you in more detail in just

25  a few moments when I instruct you about the elements of

1    the bribery offense charged in the indictment.

2    But, I instruct you that -- now, that in order to

3    find that the defendants committed honest services fraud

4    by means of bribery you must find that the government has

5    proved beyond a reasonable doubt that the defendants

6    committed bribery.

7    To act with intent to defraud means to act knowingly

8    and willfully with the specific intent to deceive

9    someone, usually for personal financial gain, or to cause

10   financial loss to some else.

11   To use or cause interstate wire communications to be

12   used is to act so that something would normally be sent

13   through wire in the normal course of business.  This

14   includes transferring money by wire from a person,

15   entity, or bank in one state to a person, entity, or bank

16   in another state.

17   To transfer something by wire means to transmit any

18   writings, sign, signal, picture, or sound, in whole or in

19   part, through the use of facilities for the transmission

20   of communications by the aid of wire, cable, or other

21   like connection between the point of origin and the point

22   of reception, including the use of such connection in a

23   switching station furnished or operated by any person

24   engaged in providing or operating such facilities for the

25   transmission of interstate or foreign communications or

1    communications affecting interstate or foreign commerce.

2        Interstate means between a place in one state or

3    territory of the United States and a place in another

4    state or territory of the United States.

5        Foreign means between someplace within the United

6    States and a place outside of the United States.

7        The government does not have to prove that the

8    material wired was false -- was itself false or

9    fraudulent or that the use of the interstate wire was

10   intended as a specific or exclusive way to carry out the

11   alleged fraud.

12       The government also does not have to prove that the

13   defendant actually wired the material or that he was

14   directly or personally involved in the wire so long as is

15   the wire was reasonable foreseeable in the execution of

16   the alleged scheme or artifice to defraud.  The wire

17   must, however, further or assist in carrying out the

18   scheme or artifice to defraud charged.

19       Defendant Whitman is charged with bribing public

20   officials in Counts 31 through 33 of the indictment, in

21   connection with alleged transportation scheme or

22   artifice, and in Counts 48 and 49 of the indictment, in

23   connection with the alleged theft scheme or artifice.

24       It is a federal crime for anyone to bribe a public

25   official.  Defendant Whitman can be found guilty of this

1  crime only if all of the following are proved beyond a

2  reasonable doubt.

3      One, the defendant directly or indirectly gave,

4  offered, or promised something of value to a public

5  official; and, two, the defendant acted knowingly and

6  corruptly with the intent to influence an official act,

7  to influence the public official to allow or make an

8  opportunity for the commission of a fraud on the United

9  States, or to induce the public official to violate the

10  public official's lawful duty by failing to do an act.

11      It is also a federal crime for a public official to

12  solicit, accept, or agree to accept a bribe.

13      Defendant McCarty is charged with bribery in Count

14  34 of the indictment in connection with the alleged

15  transportation scheme or artifice.

16      Defendant Newell is charged with bribery in Count 50

17  of the indictment in connection with the alleged theft

18  scheme or artifice.

19      Defendant McCarty and Defendant Newell can be found

20  guilty of bribery only if all of the following facts are

21  proved beyond a reasonable doubt.

22      One, the defendant at the time of the charge -- of

23  the charged offense was a public official; two, the

24  defendant received or accepted or agreed to receive or

25  accept either personally or for another person or entity

1  something of value; and, three, the defendant did so

2  knowingly and corruptly in return for being influenced in

3  the performance of an official act, being influenced to

4  allow or make an opportunity for the commission of a

5  fraud on the United States or being induced to violate

6  the defendant's lawful duty by failing to do some act.

7      As to the bribery offenses with which Defendants

8  McCarty and Newell are charged, the government must prove

9  beyond a reasonable doubt that Defendants McCarty and

10  Newell were public officials at the time of the bribery

11  charged.

12      Whether the defendants were public officials is a

13  question of fact for the jury to determine based upon the

14  facts and circumstances as shown by the evidence as you

15  find it to be beyond a reasonable doubt.

16      An "official act" means any decision or action on

17  any matter brought before a public official for a

18  decision to be acted on in such official's official

19  capacity.

20      "Something of value" includes a thing possessing

21  intrinsic value, whether intangible -- rather, whether

22  tangible or intangible, that person giving or offering or

23  the person soliciting or receiving considers to be worth

24  value.  Something of value may include a sum of money, an

25  item of value, favorable treatment, or a job offer.

1       To act corruptly means to act knowingly and

2   dishonestly for a wrongful purpose.  The government must

3   prove beyond a reasonable doubt that the defendants

4   charged with bribery intended to exchange money or

5   something of value for official action.

6       The government may, but is not required to prove

7   that each payment or bribe correlated exactly in time

8   with a specific official act.  However, the government

9   must prove beyond a reasonable doubt that the money or

10   thing of value given was for an official act.

11       The requirement that there be payment of a thing of

12   value in return for the performance of an official act

13   may be satisfied where the evidence shows a course of

14   conduct of things of value following to an agent in

15   exchange for a pattern of official actions favorable to

16   the donor.  In other words, the intended exchange in

17   bribery can be this for these or these for these, as well

18   as this for that.

19       It must be shown beyond a reasonable doubt that a

20   payment or payments were made with the intent of securing

21   official action in return.

22       If you find beyond a reasonable doubt that the

23   alleged payor offered or provided a thing of value in

24   exchange for the performance of official action, then it

25   makes no difference that the payor may also have had

1    another lawful motive for providing a thing of value.

2        Likewise, if you find beyond a reasonable doubt than

3    an official solicited or received a thing of value as

4    alleged in exchange for the performance of an alleged

5    official action, then it makes no difference that the

6    official may have had another lawful motive for

7    soliciting or accepting the thing of value.

8        What is required is that the government prove beyond

9    a reasonable doubt that the official solicited or

10   received the alleged thing of value at least in part in

11   exchange for the performance of an official act.

12       Therefore, it is not a defense to claim that an

13   agent or official would have lawfully performed the

14   official action in question even without having accepted

15   a thing of value.

16       In other words, it is not a defense that the offer

17   or promise of anything of value was made to the agent or

18   official in exchange for an official action that is

19   actually lawful, desirable, or even beneficial to the

20   public.

21       The offense of bribery, as well as honest services

22   fraud, in connection with a bribe is not concerned with

23   the wisdom or results of the public official's decisions

24   or actions, but rather with whether the public official

25   makes his or her decisions or takes his or her actions

1    with respect to a bribe as alleged.

2        You will note that several times during the course

3    of these instructions I have stated that in order for the

4    defendant to be guilty of a particular offense, that is,

5    bribery and obstruction of justice, the government must

6    prove that the defendant acted corruptly.

7        If you find that a defendant paid money or gave

8    something of value to a public official, but did so

9    solely as a result of coercion and not corruptly, you

10   must conclude that the defendant did not act with corrupt

11   intent.  In that event, as to that charge, you must find

12   the defendant not guilty.

13       Whether a defendant was coerced is a question of

14   fact for the jury to determine upon the facts and

15   circumstances as you find them beyond a reasonable doubt

16   based on the evidence.

17       A defendant is not required to prove coercion.  The

18   government must instead prove beyond a reasonable doubt

19   that the defendant acted corruptly.

20       If you find upon the evidence beyond a reasonable

21   doubt that the defendant acted corruptly, you may find

22   the defendant guilty of that charge if the government has

23   proved all the other necessary facts beyond a reasonable

24   doubt.

25       As I have instructed you, the burden is never upon a

1   defendant to prove his innocence.  The burden is always

2   upon the government to prove each defendant's guilt

3   beyond a reasonable doubt.

4       Defendant Whitman and Defendant Newell are charged

5   with theft of government property in Count 51 of the

6   indictment.  It is a federal crime to steal or convert

7   any money or property belonging to the United States and

8   worth more than $1,000.

9       Defendant Whitman and Defendant Newell can be found

10  guilty of this crime only if all of the following facts

11  are proved beyond a reasonable doubt.

12      One, some or all of the property allegedly stolen

13  belonged to the United States; two, the defendant stole

14  or knowingly converted to his use -- to his own use or to

15  someone else's use some or all of the allegedly stolen

16  property that you find beyond a reasonable doubt belonged

17  to the United States; three, the defendant knowingly and

18  willfully intended to deprive the owner of the use or

19  benefit of the property; and, four, the total value of

20  the property belonging to the United States that was

21  stolen or converted by the defendant had a value greater

22  than $1,000.

23      The United States refers to the government, which

24  includes the Department of Defense, the United States

25  Marine Corps, Defense Logistics Agency, and other

1   government entities.

2       The word "value" means the greater of; one, the

3   face, par, or market value; or, two, the price, whether

4   wholesale or retail.

5       The defendant need not know that the government

6   owned the property, but it must be proved beyond a

7   reasonable doubt that the government did, in fact, own

8   the property, that the defendant knowingly stole or

9   converted it, and that the value was greater than $1,000.

10      "To steal or convert" means to wrongly or

11  intentionally take money or property belonging to someone

12  else with the intent to deprive the owner of its use or

13  benefit, permanently or temporarily.

14      A taking does not have to be any particular type of

15  movement or carrying it away, but any appreciable and

16  intentional change in the property's location is a

17  taking, even if the property is not removed from the

18  owner's premises.

19      The word "willfully" as used in these instructions

20  means that the act was committed voluntarily and

21  purposely with the intent to do something that the law

22  forbids, that is, with the bad purpose to disobey or

23  disregard the law.

24      For the defendants to be found guilty of this

25  offense the government is not required to prove that

1   every item of property allegedly stolen belonged to the

2   United States and was stolen or converted by the

3   defendants.

4       It is sufficient for the government to prove either

5   that, one, some or all the allegedly stolen property

6   items belonged to the United States and was or were

7   stolen or converted by the defendant, as long as the

8   total value of the stolen or converted property exceeded

9   $1,000 in value.

10      In some cases a defendant is charged with breaking a

11  law that actually covers two separate crimes.  A lesser

12  include offense is a crime that isn't as serious as the

13  other crime a defendant is charged with.

14      If you find Defendant Whitman or Defendant Newell

15  not guilty of the crime charged in Count 51, you must

16  determine whether that defendant is guilty of the lesser

17  included offense.

18      Proof of the lesser included offense requires proof

19  beyond a reasonable doubt of the facts necessary to prove

20  the crime charged in Count 51 except the fact that the

21  property exceeded $1,000 in value.

22      Defendant Whitman is charged with obstruction of

23  official proceedings in Counts 52 and 54 through 56 of

24  the indictment.  Defendant McCarty is charged with this

25  offense in Count 57 of the indictment.  It is a federal

1    crime to corruptly obstruct, influence, or impede an

2    official proceeding or to an attempt to do so.

3        Defendant Whitman and Defendant McCarty can be found

4    guilty of this crime only if all of the following facts

5    are proved beyond a reasonable doubt.

6        One, the defendant attempted to or did, A, cause the

7    alteration, destruction, mutualization, or concealment of

8    an object with the intent to impair the object's

9    integrity and availability for use in the alleged

10    official proceeding; or, B, obstructed, influenced, or

11    impeded an official proceeding.

12        Two, the defendant acted corruptly; and, three, the

13    defendant either knew about an alleged official

14    proceeding or knew that the nature and probable effect of

15    the conduct would interfere with that alleged official

16    proceeding.

17        With regard to Counts 52, 54, 55, and 57, the term

18    "official proceeding" means grand jury investigation.

19    And with regard to Counts 56 -- to Count 56 the term

20    "official proceeding" means a civil or criminal

21    forfeiture proceeding.

22        An official proceeding need not be pending or about

23    to be instituted at the time of the act or acts alleged.

24    However, the government must prove beyond a reasonable

25    doubt that the defendant foresaw the particular official

1    proceeding when committing an alleged act.

2         The defendant can be found guilty of this offense

3    for attempting to commit it, even if the attempt fails.

4         To establish an attempt the government must prove

5    beyond a reasonable doubt that the defendant knowingly

6    intended to commit the crime of obstructing an official

7    proceeding.

8         The defendant's intent must be strongly corroborated

9    by his taking a substantial step toward committing the

10   crime.

11        A substantial step is an important action leading up

12   to committing the offense, not just an inconsequential

13   act.  It must be more than simply preparing.  It must be

14   an act that would normally result in committing the

15   offense.

16        As I instructed you earlier, the term "corruptly"

17   means to act dishonestly with an improper purpose,

18   personally or by so influencing another to so act.

19        This may include making a false or misleading

20   statement or withholding, concealing, altering, or

21   destroying a record, document, or other object.

22        Defendant Whitman is charged with destroying

23   documents or records in a federal investigation in Count

24   53 of the indictment.

25        It is a federal offense to destroy or conceal a

1    document or records in federal investigations.  Defendant

2    Whitman can be found guilty of this crime only if all of

3    the following facts are proved beyond a reasonable doubt.

4         One, the defendant knowingly, altered, destroyed,

5    mutilated, concealed, or covered up any record, document,

6    or tangible object.

7         Two, the defendant did so with the intent to impede,

8    obstruct, or influence an investigation.

9         And, three, the investigation was within the

10   jurisdiction of the National Crime Investigative Service,

11   NCIS, which is an agency of the United States.

12        In order for Defendant Whitman to be found guilty of

13   this charge, you need not find that an investigation was

14   pending at the time of the alleged document destruction

15   if you find that the government has proved or proven

16   beyond a reasonable doubt that Defendant Whitman took the

17   alleged actions to destroy documents in relation to or in

18   contemplation of an investigation.

19        You have heard testimony that allegedly after the

20   schemes or artifices alleged in the indictment were

21   supposed to have been committed and were discovered by

22   law enforcement Defendants Whitman and McCarty allegedly

23   took actions that could have concealed those schemes and

24   artifices.

25        If you find beyond a reasonable doubt that Defendant

1    Whitman or Defendant McCarty committed the alleged acts,

2    then you may consider this conduct, along with all the

3    evidence, in deciding whether the government has proved

4    beyond a reasonable doubt that Defendant Whitman

5    committed the wire fraud, bribery, and theft offenses

6    with which he is charged and in deciding whether

7    Defendant McCarty committed the wire fraud and bribery

8    offenses with which he is charged.

9        This alleged conduct may indicate that the

10   defendants thought they were guilty and were trying to

11   avoid detection and punishment.  On the other hand, an

12   innocent person may do the alleged acts for some other

13   innocent reason.  However, you may consider such

14   evidence, if any has been presented, that Defendant

15   Whitman engaged in the action of concealment only against

16   him.  Likewise, you should consider such evidence, if

17   any, that Defendant McCarty engaged in acts of

18   concealment only against him.

19       Members of the jury, it is possible to prove a

20   defendant guilty of a crime even without evidence that

21   the defendant personally committed every act charged.

22       Ordinarily any act a person can do, may be done by

23   directing another person or agent, or it may be done by

24   acting with or under the direction of others.

25       A defendant aids and abets a person if the defendant

1    intentionally joins with another person to commit the

2    crime charged.  A defendant is criminally responsible for

3    the acts of another person if the defendant aids and

4    abets the other person.

5        A defendant is also responsible if the defendant

6    willfully directs or authorizes the acts of an agent,

7    employee, or other associate in the commission of the

8    crime charged.

9        But, finding that a defendant is criminally

10   responsible for the acts of another person requires proof

11   that the defendant knowingly and intentionally associated

12   with or participated in the crime.

13       A defendant's participation in the crime is not

14   established by proof that the defendant was simply

15   present at the scene of a crime or knew about it.

16       In other words, in order to find the defendant

17   guilty, you must find beyond a reasonable doubt that the

18   defendant was a willful participant in the crime and not

19   merely a knowingly spectator.

20       You will note that the indictment charges that the

21   offenses were committed on or about a certain date or

22   time period.  The government does not have to prove with

23   certainty the exact date or time period of the alleged

24   offense.  It is sufficient if the government proves

25   beyond a reasonable doubt that the offense was committed

1    on a date or during a time period reasonably near the

2    date or time period alleged.

3        As used in the indictment and in these instructions,

4    the word "knowingly" means that an act was done

5    voluntarily and intentionally and not because of mistake

6    or accident or another innocent reason.

7        As used in these instructions, the word "willfully"

8    means that the act was committed voluntarily and

9    purposely with the intent to do something the law

10    forbids, that is, with bad purpose to disobey or

11    disregard the law.

12        While the defendants must have acted with intent to

13    do something the law forbids before you can find they

14    acted willfully, the defendants need not be aware of the

15    specific law or rule that their conduct may have

16    violated.

17        Intent and knowledge exists in a person's mind and

18    cannot always be proved by exact and demonstrable

19    evidence.  Therefore, one's intent and knowledge has to

20    be judged, to a certain extent at least, by his knowledge

21    as shown by the evidence and generally by judging him as

22    reasonable, prudent persons experienced in the everyday

23    affairs of life judge one another.  We cannot look into a

24    person's mind and see what he intends or knows today or

25    what he intended or knew yesterday.  But that does not

1   mean that in a court of law his intent and knowledge

2   cannot be ascertained or established.

3       The law says that a jury is authorized to infer a

4   person's intent and knowledge from his conduct, what he

5   does, what he says, and how he acts in accordance with

6   the axiom that sometimes actions speak louder than words.

7       Now, intent and motive should never be confused.

8   Motive is what prompts a person to act or fail to act.

9   Intent refers only to the state of mind with which the

10  act is done.

11      Person advancement and financial gain are two well-

12  recognized motives for much of human conduct.  These

13  laudable motives may prompt one person to voluntary acts

14  of good and another to voluntary acts of crime.

15      Good motive alone is never a defense where the act

16  done or omitted is a crime.  So the motive of a defendant

17  is immaterial except insofar as evidence of motive may

18  aid you in your determination of his state of mind or

19  intention.

20      Now, ladies and gentlemen, at this point I'm going

21  to stop, and we are going to first take a short break,

22  and we'll come back with the actual arguments in the

23  case, and then, I'll give you some final instructions.  I

24  do want to give you one instruction with regard to the

25  evidence in the case before the lawyers argue.

1    There was an exhibit that was admitted into the

2    evidence, Exhibit 12-3, which was described as a resume.

3    That is stricken and is no longer a part of the evidence

4    in the case so you may not consider that exhibit at all

5    or any of the testimony about it.

6    Remember, I told you early in the case that if you

7    are instructed not to consider a certain matter or to

8    consider it for limited purposes, you must comply with

9    the Court's instruction.

10   So the instruction here is that that will not be

11   given any consideration whatsoever in your deliberations.

12   So with that, I'm going to let you go at this time

13   for first break of the day, I guess, kind of your second

14   break of the day, and then we'll come back and then hear

15   arguments.  You may go out at this time.

16   *(Jury Excused, 11:49 a.m.)*

17        **THE COURT:**  All right, you may be seated.

18   Tiffany let me know, one thing I did not mention it

19   before I began the instruction to the jury, but you will

20   notice, Mr. Garland in particular, that the Court did

21   change the language a bit with regard to the obstruction

22   of official proceeding that makes it clear that I'm

23   referring to that proceeding, both by identifying it in

24   the body and making it clear that it relates to it.  But

25   I didn't go as far as you wanted me to go to say they

1    would have to have specific knowledge of it, but it's

2    clear that it is the thing that the knowledge or

3    contemplation has to relate.

4            **MR. GARLAND:**  I'm not sure I fully heard the

5    last thing you said about specific.

6            **THE COURT:**  Okay.  In other words, it

7    specifically identifies the proceeding as being the grand

8    jury proceeding.

9            **MR. GARLAND:**  Yes, and I caught that, and it

10   uses the word.  I'm going to argue that, that that means

11   the grand jury proceeding.

12           **THE COURT:**  Yeah, yeah.  And so that was made

13   clear.  I think I had stated in the body, but the way it

14   was generalized in the elements it did not make it clear.

15   So we changed that to make sure that that was clear that

16   it's the one that was alleged in the indictment.

17       I think it doesn't have to be a particular

18   proceeding, but I think where the government alleges that

19   in the indictment, that's what it's got to be.  Otherwise

20   it would be a variance, as you argued.  All right.  I

21   think everything else I did mention to you.  Okay.  Well,

22   let's take about 20 minutes, then we'll come back with

23   the government's opening.  If you all want to set up

24   however you want to.  Because we have jurors in the front

25   here, it makes it a little more different than you might