# THOMPSON LETTER TO WHITMAN REFERENCING "WE" DISCUSSED WITH GARLAND

**THOMPSON & SINGER, P.A.**
ATTORNEYS AT LAW

3151 MAPLE DRIVE, NE
ATLANTA, GEORGIA   30305

DOUGLAS R. THOMPSON
JANICE A. SINGER
BAXTER L. THOMPSON

TELEPHONE (404) 365-5682
TELEPHONE (404) 262-6277
FAX (404) 365-5685
EMAIL: drt@tsclawyers.com
EMAIL: blt@tsclawyers.com

February 20, 2013

Mr. and Mrs. Chris Whitman
3729 Georgia Highway 33 S
Sylvester, Georgia 31791

   RE: Tax Collection Planning and Compliance
      Our File No. 12.130

Dear Mr. and Mrs. Whitman:

As you know, we have been working with you, Lisa Mittelstadt, Robert Margeson, Leigh Ann Flynn and Ed Garland to position you and your assets such that we could make an orderly disposition of your assets to satisfy your tax liabilities and the tax liabilities of your related entities for the 2007 through 2011 tax years. And, I appreciate your hard work in providing us with detailed information and supporting documentation necessary not only to file but also to amend all appropriate returns. I know this has not been an easy task.

As we were moving into the phase of our representation which addressed disposition of sufficient assets to fully pay the outstanding tax liabilities (including inducing purchase offers on the various properties and getting final determinations of the tax liabilities), we along with Garland, Samuel & Loeb, P.C. received various pleadings (primarily complaints) seeking forfeiture of substantially all of your assets, seizing certain vehicles and filing *lis pendens* on all real property (except the Florida condo) by the Department of Justice. These pleadings materially changed our focus and the prior planning undertaken to dispose of these assets in an orderly manner to satisfy the tax liabilities.

In lengthy discussions with Ed Garland, we discussed the various risks of making further disclosures to the Internal Revenue Service ("IRS") (with a low probability of reaching a settlement in regard to the tax liabilities based on the loss of assets through the Department of

February 20, 2013

Mr. and Mrs. Chris Whitman
Page 2

---

Justice's pleadings and the *lis pendens* as filed). And, we also discussed the material risk that any further disclosure to the IRS may materially compromise your defense in the event of any criminal prosecution related to the facts as alleged in the pleadings. The low probability of tax benefit, weighed against the high risk of criminal exposure resulted in a general conclusion that you would be best served by declining to take further voluntary disclosures steps, including due process hearings, at this time, or at least until your potential criminal exposure is more fully understood and assessed by Mr. Garland and his firm.

So that you fully understand the consequences of not aggressively seeking due process hearings, installment agreements and other procedural routes to orderly disposition your assets in satisfaction of the tax liabilities (each of which requires extensive and detailed personal disclosures of detailed information, each given under a "jurat clause"), you should understand that the IRS can and will most likely seek a jeopardy assessment against you, your bank accounts, stock, cash, jewelry, investments and personal and intangible assets by means of seizure and garnishment, without notice or opportunity to contest the seizures or garnishments. Wages, accounts receivable and other forms of payment otherwise due to you may also be garnished or seized. The garnishment and seizure process will continue and further liens as to all property not already seized or garnished will be affected. The IRS will make every effort to attempt to "unwind" the limited liability companies and property transfers set up by Leigh Ann Flynn as well as our subsequent limited partnership elections.

I understand that this choice, not aggressively pursuing procedural routes to obtain satisfaction of your tax liabilities versus the recommendation of Mr. Garland not to make further disclosures to the IRS at this time, which could have a materially negative impact on your defense, is difficult. You should carefully consider these issues and let me know if you agree with the recommendation to limit your disclosure in favor of preserving your defenses. I strongly urge you to contact Mr. Garland and myself to discuss these matters to have any questions which you may have answered, and to explore any other option or consideration you may wish to suggest. Understand that as the issues and matters begin to unfold, and your exposure is more fully understood, these recommendations may change.

I am pleased to be of counsel in this matter and encourage you to contact me if you should have any questions.

February 20, 2013

Mr. and Mrs. Chris Whitman
Page 3

---

Best personal regards,

*[signature]*

Douglas R. Thompson, Esq.

/kap

cc:  Edward T.M. Garland, Esq.