# JANICE SINGER LETTERS

**THOMPSON & SINGER, P.A.**
ATTORNEYS AT LAW

3151 MAPLE DRIVE, N.E.
ATLANTA, GEORGIA 30305

DOUGLAS R. THOMPSON
JANICE A. SINGER-CAPEK

TELEPHONE (404) 262-6277
FACSIMILE (404) 365-5041
E-MAIL jsc@tsclawyers.com

February 4, 2013

Christopher Whitman
Rebecca Whitman
United Industrial of Georgia, Inc.
729 Ga. Highway 335
Sylvester, Ga 31791

Kelli Durham
1578 US Hwy 19 S
Apt 132
Leesburg, GA 31763

Dear Mr. & Mrs. Whitman and Ms. Durham:

As you are aware, I began representing Ms. Durham in relation to a criminal investigation of Mr. Whitman and others. It is my understanding the investigation concerns allegations of bribery and fraud in reference to shipments of goods and materials from various military facilities. It was agreed that Mr. Whitman would pay the fee for Ms. Durham with the complete understanding that my representation and obligations were solely to Ms. Durham.

Shortly thereafter, I discovered that my partner, Douglas R. Thompson, had begun representing Mr. & Mrs. Whitman , United Industrial of Georgia, Inc., its successors, assigns and affiliates (collectively "Whitman") in relation to collection of taxes due from Whitman to the federal and state governments for the years 2007-2012. As a result, I advised Ms. Durham and Whitman through Chris Whitman that I did not feel comfortable representing Ms. Durham and would therefore refrain from so doing as I felt it was a conflict as Mr. Thompson and I are partners.

It is my understanding that the criminal investigation is heating up. Ms. Durham has advised she wants representation and she wishes me to continue despite the conflict. I have been advised by Mr. Garland, counsel for Mr. Whitman, that he has discussed the conflicts with Whitman and they are willing to waive the conflict to permit the representation. Discussion of this matter with counsel other than Mr. Thompson and me is advisable.

It is true that the matter for which Mr. Thompson is representing Whitman is separate and apart from the criminal investigation. It is understood that Whitman has already been advised and

Initials _____

Mr. Christopher Whitman
Ms. Rebecca Whitman
United Industrial of Georgia, Inc.
Ms. Kelli Durham
February 4, 2013
Page 2 of 4

understands that regardless of who pays Ms. Singer-Capek's fee, she will and must do only what is in the best interest of Ms. Durham. However, it remains our opinion that there is still an inherent, or at minimum a perceived conflict as Mr. Whitman may wish to take a position contrary to Ms. Durham in regard to the criminal (or tax matter though Ms. Singer-Capek would not be representing Ms. Durham on any tax issue) and vice-versa. Though the conflict is not exactly the same as one firm representing two defendants in the exact same matter, again, we still believe there is an actual or potential conflict of interest.

For example, Ms. Durham may wish to cooperate with the government against Whitman or enter into an agreement of some kind with it. She may provide documentation, testimony and/or other evidence against Whitman. Whitman by signing this letter, however, understand and agree that despite payment of Ms. Durham's fee and the fact that this firm represents them in a tax matter, zealous representation of Ms. Durham may in fact lead to her providing testimony and evidence against one or more of them. Advice from her counsel, Ms. Singer-Capek, may be that doing so is in her best interest, though it may not be in Whitman's best interest, should she have information that is damaging to any of them. The fact that Mr. Whitman is paying Ms. Durham's fee and that this firm represents him, his wife and United Industrial of Georgia, Inc., or its successors, assigns or affiliates in a tax matter (though Ms. Singer-Capek has not and will not be involved), and though Whitman has separate counsel, Edward Garland, et al, in the criminal matter, and Mr. Thompson and Ms. Singer-Capek agree not to share information from their separate matters, it is still what we would consider a conflict as Ms. Durham may take actions that harm Whitman and/or vice-versa.

Likewise, Whitman may wish to cooperate with the government against Ms. Durham or enter into an agreement of some kind with them. Any of them may provide documentation, testimony and/or other evidence against her. Any of them may also make statements or take actions in the tax matter contrary to her interests on the advise of Mr. Thompson and this firm. Ms. Durham by signing this letter, however, understands and agrees that despite representation of her in the criminal investigation, representation of Whitman by Mr. Thompson and this firm may in fact lead to him taking actions adverse to hers in regard to taxes. Further, through their separate counsel in the criminal matter, Whitman may also agree to provide testimony and evidence against Ms. Durham in the criminal matter or take other action adverse to hers.

With this said, and subject to execution of a fee agreement concerning Ms. Durham's representation, I will be agreeable and honored to represent Ms. Durham in the criminal matter and the firm, excluding Ms. Singer-Capek will agree to continue simultaneously representing Whitman

Initials _____

Mr. Christopher Whitman
Ms. Rebecca Whitman
United Industrial of Georgia, Inc.
Ms. Kelli Durham
February 4, 2013
Page 3 of 4

on the tax matter, if you all agree to waive this conflict by signing this letter/waiver of conflict.

Sincerely,

*Janice Singer-Capek*

Janice Singer-Capek

I have read the contents of this letter and I understand it fully. I know of the conflicts and the dangers. I know I may have other counsel of my own choosing or if I cannot afford one on my own and I am charged or under investigation, I may ask the Court to appoint counsel. With this knowledge and after reading the above and having the opportunity to consult with separate counsel, I hereby waive any and all conflict in Ms. Singer-Capek and her firm, Thompson & Singer, P.A. (Its successors and assigns) representation of me and hereby ask that she proceed and represent me.

This the _____ of February, 2013.

By: _____
    Kelli Durham


I have read the contents of this letter and I understand it fully. I know of the conflicts and the dangers. I have also consulted with separate counsel and after so doing, hereby waive any and all conflicts, agree to be responsible for Ms. Durham's legal fee and request that with the exception of Janice Singer-Capek, Thompson & Singer, P.A., its successors ans assigns and specifically Douglas R. Thompson and Baxter Thompson continue representing me in the tax matters for which they have been retained.

This the _____ of February, 2013.

By: _____
    Christopher Whitman


Initials _____

Mr. Christopher Whitman
Ms. Rebecca Whitman
United Industrial of Georgia, Inc.
Ms. Kelli Durham
February 4, 2013
Page 4 of 4

    I have read the contents of this letter and I understand it fully. I know of the conflicts and the dangers. I have also consulted with separate counsel and after so doing, hereby waive any and all conflicts, agree that with the exception of Janice Singer-Capek, Thompson & Singer, P.A., its successors ans assigns and specifically Douglas R. Thompson and Baxter Thompson continue representing me in the tax matters for which they have been retained.

    This the _____ of February, 2013.

By: _____
      Rebecca Whitman

    I, on behalf of United Industrial of Georgia, Inc., its successors, assigns and affiliates, have read the contents of this letter and I understand it fully. I know of the conflicts and the dangers. I have also consulted with separate counsel and after so doing, hereby waive any and all conflicts, agree that with the exception of Janice Singer-Capek, Thompson & Singer, P.A., its successors ans assigns and specifically Douglas R. Thompson and Baxter Thompson continue representing me in the tax matters for which they have been retained.

    This the _____ of February, 2013.

United Industrial of Georgia, Inc.

By: _____

    Its _____

cc: Edward T.M. Garland
    Douglas R. Thompson



# THOMPSON SINGER
## ATTORNEYS AT LAW

Janice Singer-Capek
Email: jsinger@thompsonsinger.com

August 23, 2013

Christopher Whitman
United Industrial of Georgia, Inc.
729 Ga. Highway 33 S
Sylvester, Ga 31791

Dear Mr. Whitman:

    The purpose of this letter is to advise you of the fee due for my representation of Kellie Durham for my representation of her should she be Indicted in federal court in Albany. I am sending you this letter as it is my understanding that United Industrial shall pay her legal fees in reference to the matter.

    Though I have been trying to resolve Ms. Durham's case pretrial, it is appearing less likely that I will be able to so do and that she will be Indicted in the primary case. It also appears that said Indictment shall be in the immediate future. As a result, please be advised that the following shall constitute my terms for representation of Ms. Durham from arrest or Indictment through the conclusion of the matter in the United States District Court for the Middle District of Georgia. The fee set forth below does not include a fee for representation on appeal should one be necessary or in any collateral proceeding.

    The total non-refundable fee due to me for representation of Ms. Durham in this matter shall be $135,000.00. This sum is due and payable immediately. Counsel shall have no obligation and shall not appear on Ms. Durham's behalf unless and until the legal fee has been paid.

    Further, there may be certain expenses incurred in relation to the representation, including, for example, photocopying, investigator and other litigation-related expenses. These expenses are not included in the legal fee and you will be expected to pay these in addition to the legal fee.

    Further, you understand that regardless of your payment of the fee, my responsibility is to Ms. Durham alone and those actions taken by me will be those that I consider to be in her best interest, regardless of whether they may negatively impact you. (Please see the conflict letter you signed previously, the contents of which I incorporate herein by reference.).

    The Legal fee charged covers my representation of Ms. Durham from arrest through conclusion of the matter in the District Court, whether that be by trial or other disposition. If trial becomes unnecessary, that will not result in a refund of any portion of the fee.

3151 Maple Drive, NE, Atlanta, Georgia 30305 | **Phone:** 404-262-6277 | **Fax:** 404-365-3853
www.thompsonsinger.com

Christopher Whitman
United Industrial of Georgia, Inc
August 23, 2013
Page 2

Thank you in advance for your prompt attention to this matter. If you have any questions or problems, please contact your attorney or me to discuss the matter.

Sincerely,

*Janice Singer-Capek*

cc: Kellie Durham
    Edward T.M. Garland

I have read the contents of this letter and I understand it fully and agree to the terms set forth herein

This the _____ of February, 2013.

By: _____
    Christopher Whitman

I have read the contents of this letter and I understand it fully and agree to the terms set forth herein

United Industrial of Georgia, Inc.

By: _____

    Its _____

# THOMPSON SINGER
## ATTORNEYS AT LAW

Janice Singer-Capek
Email: jsinger@thompsonsinger.com

September 25, 2013

<u>Via email and First Class Mail</u>
Christopher Whitman
Rebecca Whitman
United Industrial of Georgia, Inc.
729 Ga. Highway 33 S
Sylvester, Ga 31791

Re: <u>Kelli Durham</u>

Dear Mr. & Mrs. Whitman:

In my email of September 5, 2013 I asked you to refrain from paying and more of the fee to represent Ms. Durham as there were matters in the works that would reduce what I required as a fee to represent her. The fee charges was to be $135,000 **in addition** to what the company had already paid me to date to represent Ms. Durham in the federal criminal investigation out of Albany. Though I had not asked for more funds during the pre-charge portion of the case, as you know, I did not do so despite the amount of work done because I wanted to wait until I had a better idea of the direction in which she was heading in regard to the matter (e.g. if she was to be only a witness as opposed to a target of the federal investigation and if latter, if the matter may be resolved in some way other than trial).

With that said, though it is not final, it appears Ms. Durham will be resolving her case in a matter other than via a trial. Therefore, I am reducing the flat fee to a total of $100,000 plus expenses for my representation of Ms. Durham. Further, against this fee I am now also going to give credit for what was paid at the time I began representing Ms. Durham. Therefore, based on the prior payments and the funds you recently wired, no further fee will be required. In short, you do not need to wire me an additional $65,000.00.

As always, please remember that regardless of who pays my fee or my partner's legal representation of you and/or the company in regard to tax matters, my responsibility is to Ms. Durham alone and those actions taken by me will be those that I consider to be in her best interest, regardless of whether they may negatively impact you. (Again, please see the conflict letter you signed previously, the contents of which I incorporate herein by reference. The letter was attached as well to the fee agreement correspondence of August 23, 2013).

If you have any questions or the company has any issues regarding the fee, please advise.

Sincerely,

Janice Singer-Capek

cc: Ms. Kelli Durham

3151 Maple Drive, NE, Atlanta, Georgia 30305 | **Phone:** 404-262-6277 | **Fax:** 404-365-3853
www.thompsonsinger.com

December 11, 2020

Mr. Christopher Whitman
3729 Ga Hwy 33 South
Sylvester, Ga 31781

Dear Chris:

Hope this letter finds you as well as can be under the circumstances.

I just received from my old office space a letter you sent me on or about November 10, 2020. As I told your wife in response to an email I received from her in early November, I stopped practicing law several years ago and no longer have office space in the building. My guess is that the office signed for the letter without noticing to whom it was addressed.

As for the content of your letter, as I told your wife in the email, I never represented you or your companies and therefore have no files for you to pickup. As you are very well aware, I only represented Kelli Durham. Though you, or one of your companies, (I can't remember which) paid my fee to represent her, that does not entitle you to her file. FYI, her physical file was turned over to her after completion of her case and before I retired. If you are referring to the files for matters Mr. Thompson represented you and/or your companies on, you will need to contact him and his firm Thompson, Thompson & Martin. I don't have his new address but I am sure either you or your wife can find it on the Internet. As for files in regard to your criminal case, I suggest you contact Mr. Garland directly.

I believe all payments made for my representation of Ms. Durham were made in 2013 or earlier. I also recall I forgave a significant portion of the fee charged per the fee agreement. I would think you have the cancelled checks in your records. As for the fee agreement and conflict letter, I believe the government attached it to my affidavit along with a letter I sent you back in 2013 forgiving part of the fee.

Sincerely,

Janice Singer-Capek

cc: Linda Sheffield