# KELLI DURHAM PLEA AGREEMENT

FILED at 3:25 p.m.
10/10, 20 13
BJC
Courtroom Deputy/Scheduling Clerk
U.S. District Court
Middle District of Georgia

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.: 1:13-CR-45(WLS) |
| | ) | |
| | ) | **Count One:** 18 U.S.C. § 371 |
| v. | ) | (Conspiracy) |
| | ) | |
| | ) | |
| **KELLI DURHAM** | ) | and Criminal Forfeiture |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America, by and through the undersigned attorneys for the Public Integrity Section, Criminal Division, United States Department of Justice, and for the United States Attorney's Office for the Middle District of Georgia (collectively the "United States"), and Kelli Durham (hereinafter referred to as the "defendant") enter into the following agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

### Charges and Statutory Penalties

1. The defendant agrees to plead guilty to a one-count Information charging her with one count of Conspiracy, in violation of 18 U.S.C. § 371.

2. The defendant understands that Conspiracy, in violation of 18 U.S.C. § 371, has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial: (a) there was an agreement between two or more persons to commit a crime against the United States; (b) defendant became a member of the conspiracy

KD

knowing of at least one of its objects and intending to help accomplish it; and (c) one of the members of the conspiracy performed an overt act in furtherance of the conspiracy.

3. The defendant understands that a violation of 18 U.S.C. § 371 carries a maximum sentence of five (5) years' imprisonment; a fine of not more than $250,000, three times the monetary equivalent of the thing of value, or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), whichever is greater; a $100 special assessment; a three-year term of supervised release; an order of restitution; and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

4. If the court accepts the defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this agreement, the United States agrees that it will not further prosecute the defendant for any crimes described in the attached Factual Basis or for any conduct of the defendant now known to the United States and to the law enforcement agents working with the United States on the present investigation. Nothing in this agreement is intended to provide any limitation of liability arising out of any acts of violence.

**Factual Stipulations**

5. Defendant is pleading guilty because she is guilty and understands that she will be adjudicated guilty of the offense. The defendant agrees that the attached Factual Basis fairly and accurately describes the defendant's actions and involvement in the charged offense and establishes her guilt beyond a reasonable doubt. The defendant knowingly, voluntarily and truthfully admits the facts set forth in the Factual Basis.

**Sentencing**

6. The defendant is aware that the sentence will be imposed by the court after considering the United States Sentencing Guidelines and Policy Statements set forth by the



United States Sentencing Commission, Guidelines Manual (hereinafter "Sentencing Guidelines" or "U.S.S.G") ("Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court, relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence or lower that advisory sentence. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw her plea solely as a result of the sentence imposed.

7. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

8.      The defendant is aware that any estimate of the probable sentence or the probable sentencing range pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the probation office, or the court, except as expressly provided in this Plea Agreement.

### Sentencing Guidelines Stipulations

9.      The defendant understands that the sentence in this case will be determined by the court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including consideration of the guidelines and policies set forth in the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

      a.      <u>Offense Level under the Guidelines</u>

The parties agree that the Sentencing Guideline applicable to the offense to which the defendant is pleading guilty is U.S.S.G. § 2B1.1, which applies to, among other things, "Fraud and Deceit." The parties further stipulate and agree to recommend the following guideline calculations:

> Base Offense Level, § 2B1.1..........................................................6
>
> Specific Offense Characteristics,
>
> > The loss to the United States from the offense
> > was more than $7,000,000, but less than
> > $20,000,000, § 2B1.1(b)(1)(K)........................................+20

      b.      <u>Acceptance of Responsibility</u>

Provided that the defendant clearly demonstrates acceptance of responsibility to the satisfaction of the United States through the defendant's allocution and subsequent conduct prior

4



to the imposition of sentence, the United States agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

i. fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

ii. challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

iii. denies involvement in the offense;

iv. gives conflicting statements about that involvement or is untruthful with the Court, the United States, or the Probation Office;

v. fails to give complete and accurate information about the defendant's financial status to the Probation Office;

vi. obstructs or attempts to obstruct justice, prior to sentencing;

vii. has engaged in conduct prior to signing this Plea Agreement that reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

viii. fails to appear in court as required;

ix. violates an order of the court;

x. after signing this Plea Agreement, engages in additional criminal conduct; or

5



        xi.    attempts to withdraw the plea of guilty.

If the defendant has accepted responsibility as described above, and the defendant's offense level is sixteen (16) or greater, the United States agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because the defendant has assisted authorities by providing timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines Offense Level is twenty-three (23).

    c.    <u>Criminal History Category</u>

Based upon the information now available to the United States (including representations by the defense), the defendant has no prior criminal convictions in the United States. Therefore, the defendant's Criminal History Category is one (I). The parties acknowledge, however, that this Criminal History Category calculation is not binding upon the U.S. Probation Office or the court.

    d.    <u>Applicable Guideline Range</u>

Based upon the calculations set forth above, the defendant's stipulated Sentencing Guidelines range is forty-six (46) to fifty-seven (57) months (the "Stipulated Guidelines Range"). In addition, the parties agree that, should the court impose a fine, at Sentencing Guidelines level twenty-three (23), the applicable fine range is $10,000 to $1000,000.

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted.

Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the court consider such a departure or adjustment. Additionally, the parties agree that no enhancements contained in either chapters two or three of the Sentencing Guidelines apply in this particular case, other than the enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(K), noted in paragraph 9(a) above.

### Agreement as to Sentencing Allocution

10. The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

11. In support of any variance argument, the defendant agrees to provide to the United States reports, motions, memoranda of law, and documentation of any kind on which the defendant intends to rely at sentencing not later than fourteen (14) days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law, and documentation have not been provided to the United States at least fourteen (14) days before sentencing shall be deemed waived.

### Court Not Bound by the Plea Agreement

12. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In

7



the event that the court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Substantial Assistance**

13. The defendant agrees to cooperate fully with the United States by:

    a.  providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the United States, whether in interviews, before a grand jury, or at any trial or other court proceeding;

    b.  waiving the defendant's right to have counsel present at all debriefings by law enforcement agents and government attorneys in order to facilitate the defendant's cooperation. The defendant may revoke this waiver at any time by a specific request or through the defendant's counsel without affecting the terms and enforceability of this Plea Agreement;

    c.  appearing at such grand jury proceedings, hearings, trials, depositions, and other judicial proceedings, and at meetings, as may be required by the United States continuing through any period of probation or supervised release;

    d.  if requested by the United States, working in an undercover role to contact and negotiate with others suspected and believed to be involved in

      criminal misconduct under the supervision of, and in compliance with, law enforcement officers and agents; and

  e.  waiving any right to a prompt sentencing and joining in any requests by the United States to postpone the defendant's sentencing until the defendant's cooperation is complete. The defendant understands that the date of sentencing is within the sole discretion of the Court, and that this Plea Agreement may require the defendant to cooperate even after the defendant has been sentenced. The defendant's failure to cooperate pursuant to the terms of this Plea Agreement after sentence has been imposed shall constitute a breach of this Plea Agreement.

14. The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and unreviewable judgment of the United States the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentence calculated under the Sentencing Guidelines, the United States may make a motion consistent with the intent of U.S.S.G. § 5K1.1 prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from the advisory sentence suggested by the Stipulated Guideline Range. The defendant acknowledges and agrees, however, that nothing in this Plea Agreement may be construed to require the United States to file any such motion and that the United States' assessment of the nature, value,

truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of the United States' filing of any such motion is concerned.

15. The defendant understands and acknowledges that the court is under no obligation to grant the § 5K1.1 or Rule 35 motions referenced above should the government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

16. Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the United States agrees that self-incriminating information provided by the defendant pursuant to this agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Plea Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

### Appeal Waiver

17. The defendant is aware that she has the right to challenge her sentence and guilty plea on direct appeal. The defendant is also aware that she may, in some circumstances, be able to argue that her guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in consideration of the concessions made by the United States in this Agreement, the defendant knowingly and voluntarily waives her right to appeal or collaterally challenge: (a) the defendant's guilty plea and any other aspect of the defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and (b) the defendant's sentence or the manner in which her sentence was determined pursuant to 18 U.S.C. § 3742, except to the extent that the court sentences the defendant to a period of



imprisonment longer than the statutory maximum, or the court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

18. The defendant further understands that nothing in this Agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to § 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this Agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this Agreement with her attorney. The defendant further agrees, together with the United States, to request that the court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

19. The defendant's waiver of rights to appeal and to bring collateral challenges shall not
apply to appeals or challenges based on new legal principles in United States Court of Appeals for the Eleventh Circuit or United States Supreme Court cases decided after the date of this Agreement that are held by those courts to have retroactive effect.

### Restitution

20. In addition to the other penalties provided by law, the court must order the defendant to make restitution under 18 U.S.C. § 3663A. The defendant understands that restitution must be ordered by the court to all victims of the defendant's criminal conduct and not merely for those victims included in the count to which the defendant agrees to plead guilty. The United States agrees not to oppose the imposition of a reasonable payment schedule, as

11



directed by the court after its review of the factors enumerated in 18 U.S.C. § 3664. The United States and defendant agree that defendant owes restitution to the United States Marine Corps in the amount of $905,685.

### Release/Detention Pending Sentencing

21. The defendant acknowledges that while the United States will not request that the defendant be preventatively detained or that a money bond be imposed pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the court at the time of the defendant's plea of guilty. Should the defendant engage in further criminal conduct or violate any conditions of release prior to sentencing, however, the United States may move to change the defendant's conditions of release or to revoke the defendant's release.

### Asset Forfeiture

22. The defendant agrees to forfeit all interests in any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the defendant's offense.

23. The defendant further agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, since January 2008, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to forfeit to the United States all of the defendant's interests in any asset of

a value of more than $1,000 that, since January 2008, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this Plea Agreement.

24. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and the defendant waives any failure by the court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

25. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this Plea Agreement is subject to forfeiture as proceeds of illegal conduct and/or substitute assets for property otherwise subject to forfeiture, and defendant agrees to the entry of a judgment against her in an amount of $905,685, representing the proceeds of the wire fraud scheme that defendant personally received.

13



### **Breach of Agreement**

26.     The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement.  In the event of such a breach: (a) the United States will be free from its obligations under the Agreement; (b) the defendant will not have the right to withdraw her guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including the defendant's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

27.     The defendant understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  The defendant knowingly and voluntarily waives the rights which arise under these rules.

28.     The defendant understands and agrees that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence.  The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

14



29. Nothing in this Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Agreement or committed by the defendant after the execution of this Agreement. The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, the defendant will not be allowed to withdraw her guilty plea.

### Venue

30. The defendant agrees, for purposes of entering her plea of guilty, sentencing and all other appropriate proceedings relevant to the filing of this Agreement, to consent to the jurisdiction of the United States District Court for the Middle District of Georgia. The defendant expressly waives her right to object to venue in the Middle District of Georgia.

### Waiver of Statute of Limitations

31. It is further agreed that should any conviction following the defendant's plea of guilty pursuant to the Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement

to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Complete Agreement

32. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and prosecutors for the Public Integrity Section and the United States Attorney's Office for the Middle District of Georgia.

33. The defendant further understands that this Agreement is binding only upon the Public Integrity Section, Criminal Division, United States Department of Justice, and the United States Attorney's Office for the Middle District of Georgia. This Agreement does not bind the Civil Division of the United States Department of Justice or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

34. This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

16



Dated: October /0, 2013                     Respectfully submitted,

                                            JACK SMITH
                                            Chief, Public Integrity Section

                                            MICHAEL J. MOORE
                                            United States Attorney
                                            Middle District of Georgia


By:     _____
        RICHARD B. EVANS
        J.P. COONEY
        Trial Attorneys
        United States Department of Justice
        Public Integrity Section
        1400 New York Ave. NW, 12th Floor
        Washington, DC   20005
        (202) 514-1412
        Richard.B.Evans@usdoj.gov
        Joseph.Cooney2@usdoj.gov




By:     _____
        K. ALAN DASHER
        Assistant United States Attorney
        Middle District of Georgia
        C.B. King United States Courthouse
        201 West Broad Avenue, 2nd Floor
        Albany, Georgia   31701
        (229) 430-7754
        Alan.Dasher@usdoj.gov


17



## DEFENDANT'S ACCEPTANCE

I have read this Agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalties for the offense and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Plea Agreement, and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly, because I am guilty of the offense to which I am pleading guilty, and because I believe this Agreement is in my best interest.

Date: 10/10/13

**Kelli Durham**
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 10/10/13

**Janice Singer-Capek, Esq.**
Attorney for the Defendant