IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CHRISTOPHER WHITMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | Criminal Case No. |
| v. ) | 1:14-CR-1-1 (WLS) |
| ) | |
| ) | 28 U.S.C. § 2255 Case No. |
| UNITED STATES OF AMERICA, ) | 1:19-CV-183 (WLS) |
| ) | |
| Respondent. ) | |
| ) | |

## UNITED STATES' MOTION *IN LIMINE*

The United States respectfully moves *in limine* to preclude Petitioner from eliciting testimony regarding claims previously barred by this Court during the evidentiary hearing on Petitioner's 2255 claim. Specifically, the United States requests that the Court issue an order precluding any testimony or discussion at the evidentiary hearing of:

(1)     Petitioner's newly raised and therefore barred claims regarding counsel's alleged ineffective representation at sentencing; and

(2)     Petitioner's claims that were not raised in his supplemental brief, and were therefore abandoned, regarding ineffective assistance of counsel pertaining to alleged jury tampering, misapplication of United States Sentencing Guideline ("USSG") § 1B1.3 at sentencing, ineffective assistance of counsel on appeal, and alleged due process and right to counsel violations.

1

## I.     Procedural History

On October 28, 2019, Petitioner filed his *pro se* motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Dkt. 450. The United States filed its response in opposition on December 23, 2019. Dkt. 454. Petitioner subsequently filed a series of motions requesting extensions to file his reply (Dkt. 458, Dkt. 460, and Dkt. 462), which the Court granted in-whole or in-part. Dkt. 459, Dkt. 461. Petitioner finally filed his reply brief on April 23, 2020, at which point Petitioner's motion was ripe for decision. Dkt. 466.

Nevertheless, in November 2020 – seven months after filing his reply brief – Petitioner sought leave of the Court to file an additional brief after retaining new counsel. Dkt. 477. The government opposed the request, concerned that Petitioner was seeking "to start the briefing process . . . all over again." Dkt. 478 at 2. Despite the government's objection, the Court granted Petitioner's request in-part, limiting the brief to claims that Petitioner had previously raised and barring the inclusion of any "additional grounds for relief." Dkt. 479. The Court further stated that **"any original ground for relief not briefed by Petitioner's counsel in the new brief shall be deemed to be withdrawn."** *Id.* (emphasis added).

On March 4, 2021, Petitioner filed his supplemental brief. Dkt. 489. Despite the specific parameters set forth by the Court for his brief, Petitioner raised several new claims in contravention of the Court's Order. Specifically, Petitioner raised two new claims regarding trial counsel's alleged ineffective assistance of counsel at sentencing that were not included in his original briefs. *Id.* at 23-27. These claims are barred by the Court's Order as well as Fed. R. Civ. Pro. Rule 15(c), and thus, should be precluded from the upcoming evidentiary hearing.

2

Additionally, Petitioner failed to reassert his previous claims of ineffective assistance of counsel pertaining to alleged jury tampering (Dkt. 450 at 25-26), misapplication of USSG § 1B1.3 at sentencing (Dkt. 450 at 24), ineffective assistance of counsel on appeal (Dkt. 450 at 26-27), and alleged due process and right to counsel violations (Dkt. 450 at 28-29). As these claims were not addressed in Petitioner's supplemental brief, per the Court's Order, they have been withdrawn and should be precluded from the evidentiary hearing and from further consideration.[1]

## II. Petitioner's Newly Raised Sentencing Claims are in Contravention of the Court's Order and Fed. R. Civ. Pro. Rule 15(c) and Should be Precluded

Despite the Court's Order prohibiting Petitioner from "add[ing] additional grounds for relief," Dkt. 479, Petitioner raised two new ineffective assistance of counsel claims regarding sentencing in his supplemental brief. Dkt. 489. Specifically, Petitioner now alleges ineffective assistance of counsel regarding trial counsel's failure to request a continuance of the sentencing hearing and concerning the calculation of the Specific Offense Characteristics. *Id.* at 23-27. Both claims are barred by the Court's December 1, 2020 Order (Dkt. 479) and Fed. R. Civ. Pro. Rule 15(c) and thus, should be precluded from the evidentiary hearing.

In his reply brief, Petitioner contends that these new claims "relate back" to claims in his original briefing, and as such, should not be barred under Fed. R. Civ. Pro. Rule 15(c). Dkt. 495 at 2. Under Rule 15(c), an amended pleading "relates back" to the original pleading if the amended claims "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out –

---

[1] The United States filed its response brief on March 24, 2021 (Dkt. 494), and Petitioner filed a reply on April 6, 2021. Dkt. 495. Petitioner did so despite the fact that there was no provision for a reply brief in the Court's December 1, 2020 Order. Dkt. 479. Accordingly, the government filed a motion to strike on April 8, 2021 (Dkt. 496), which the Court denied on May 3, 2021. (Dkt. 497). Although the government's motion to strike addressed the issues contained in the present motion *in limine*, the Court did not reach these issues in its Order.

3

in the original pleading." *See* Fed. R. Civ. P. 15(c)(1)(B). Courts in this Circuit have held that the "critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *See Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).

In his reply brief, Petitioner relies on *Anza Technology, Inc. v. Mushkin Inc.*, 934 F.3d 1359 (Fed. Cir. 2019), a civil case involving patent infringement, to argue that his new claims "relate back" to the original brief. *See* Dkt. 495 at 3-4. However, "Habeas petitions are subject to a more demanding pleading standard than ordinary civil complaints. Indeed, the Supreme Court has cautioned against applying Rule 15(c)'s 'conduct, transaction, or occurrence' language at too high a level of generality" in the post-conviction relief context. *Chin v. United States*, 853 F. App'x 640, 644 (11th Cir. 2021). "In the habeas context, it is not enough for the later pleading to concern the same legal proceeding as the original motion . . . Rather, to relate back, the original and amended pleadings must 'state claims that are tied to a common core of operative facts.'" *Wilcher v. United States*, 808 F. App'x 938, 940-41 (11th Cir. 2020) (citing *Mayle v. Felix*, 545 U.S. 644, 655 (2005)) (specifying that petitioners seeking post-conviction relief must "specify all the grounds for relief available" and "state the facts supporting each ground.").

Courts in this circuit have dutifully applied the law in *Mayle* by only allowing amended claims that "relate back" in the post-conviction relief context where the claims share a specific common core of operative facts beyond the actual trial, conviction, and sentencing itself. For instance, in *Davenport v. United States,* 217 F.3d 1341, 1346 (11th Cir. 2000), the Eleventh Circuit held that the petitioner's new claims in his amended § 2255 motion did not relate back to his original motion, in which he argued that his counsel was ineffective for not objecting that the

4

drugs he had in his possession were not crack cocaine due to their chemical makeup, not objecting to how the drug weight was calculated, and not asserting that the government knowingly allowed perjury testimony. In his amended motion, petitioner further argued counsel was ineffective for allowing him to be sentenced based on three grams of cocaine that were not part of the same drug transaction, relying on an abbreviated lab report, and failing to advise him about a plea agreement. *Id*. The court concluded that the petitioner's new claims did not "arise out of the same set of facts as his original claims but arose from separate conduct and occurrences in both time and type," and so were barred. *Id*.

Likewise, in *Dean v. United States,* 278 F.3d 1218, 1223 (11th Cir. 2002), the Eleventh Circuit found that petitioner's amended claim that his Base Offense Level was miscalculated did not relate back to his original claim because he "did not make this claim at all in his original petition." *See also Wilcher v. United States*, 808 F. App'x 938, 941 (11th Cir. 2020) (discussing and affirming *Dean*, 278 F.3d at 1222-1223). However, the court in *Dean* did find that petitioner's amended claim that the government knowingly presented perjured testimony through named witnesses related back to his original briefing in which he claimed that his conviction was obtained through perjured testimony. *Id*. at 1222. The Eleventh Circuit held that this claim related back "because it arose out of the same conduct or occurrence set forth in the original pleading—perjured testimony at trial—and sought to add facts and specificity—the names of the exact witnesses—to the original claim." *Wilcher*, 808 F. App'x at 941.

In the present case, Petitioner's new sentencing claims regarding trial counsel's failure to request a continuance and the calculation of the Specific Offense Characteristics do not "relate back" to his initial sentencing claim, as they are not tied to a common core of operative facts. In

5

his original briefing, Petitioner's only sentencing claim centered on USSG Amendment 790 and conclusory statements that § 1B1.3 was misapplied. Dkt. 450 at 24. In contrast, Petitioner's two new claims allege that trial counsel failed to request a continuance of the sentencing hearing to take advantage of an upcoming change in the Guidelines and allowed for a miscalculation of the Specific Offense Characteristics. Nowhere in his original briefing does Petitioner lay the factual groundwork needed for either of these claims. As in *Dean*, Petitioner "did not make such an argument at all in his original motion." *Id*. His only sentencing claim discusses the alleged misapplication of § 1B1.3, but gives no facts related to a continuance or the Specific Offense Characteristics calculation. These claims arise "from separate conduct and occurrences in both time and type" from that of Petitioner's original § 1B1.3 claim. *Davenport*, 217 F.3d at 1346. As these claims do not share a common core of operative facts with any claims in the original briefs apart from the actual sentencing, they do not "relate back."

Because these are new claims that do not relate back to Petitioner's original claims filed in 2019, they are barred pursuant to Fed. R. Civ. Pro. Rule 15(c) and the express language of the Court's December 1, 2020 Order prohibiting Petitioner from "add[ing] additional grounds for relief." Dkt. 479. As such, Petitioner should be precluded from eliciting testimony in support of these claims at the upcoming evidentiary hearing.

### III. Petitioner's Claims Not Addressed in his Supplemental Brief are Deemed Withdrawn and Should be Precluded From the Evidentiary Hearing

Petitioner's supplemental brief failed to address several of his original claims for relief. Specifically, Petitioner failed to reassert his previous claims of ineffective assistance of counsel pertaining to alleged jury tampering (Dkt. 450 at 25-26), misapplication of USSG § 1B1.3 at sentencing (Dkt. 450 at 24), ineffective assistance of counsel on appeal (Dkt. 450 at 26-27), and

alleged due process and right to counsel violations (Dkt. 450 at 28-29). As such, the United States noted in its response brief that, pursuant to express terms of the Court's Order permitting supplemental briefing, these claims had been abandoned. Dkt. 494 at 2. Inexplicably, Petitioner filed a reply brief claiming that the only ground for relief that was withdrawn was the claim of jury tampering, and that the other claims were still alive because: "Issues not specifically addressed were adequately briefed." Dkt. 495 at 6. However, this assertion flies in the face of the explicit language of the Court's December 1, 2020 Order that "any original ground for relief not briefed by Petitioner's counsel in the new brief shall be deemed to be withdrawn." Dkt. 479. As none of these claims were addressed in Petitioner's supplemental brief, they have been withdrawn.

Petitioner ignores the Court's clear and unambiguous language by arguing that "issues not specifically addressed [in the supplemental briefing] were adequately briefed" in the initial pleadings and therefore neither required further discussion nor have been withdrawn. Dkt. 495 at 6. However, this self-serving statement fails to preserve the subject claims.

No doubt cognizant of the fact that briefing in this matter had been complete for more than six months and that Petitioner's initial briefs had been prepared without the assistance of counsel, the Court granted Petitioner's newly retained counsel the opportunity to file a supplemental brief. It did so, however, with very specific limitations. The Court's December 1, 2020 Order was explicit that claims not briefed by counsel were considered withdrawn − how adequately those claims were originally briefed is wholly irrelevant. The Court made clear that it would only consider claims that were reasserted in the supplemental brief. As these claims were

not carried over to the supplemental brief, Petitioner has abandoned them and should be precluded from raising them at the evidentiary hearing.

Accordingly, the Court should preclude Petitioner from raising either the two new sentencing claims or the abandoned claims discussed above at the evidentiary hearing as they are in contravention of the Court's December 1, 2020 Order.

DATED: April 27, 2022

Respectfully submitted,

COREY R. AMUNDSON,
Chief, Public Integrity Section
Criminal Division
United States Department of Justice

/s/ *Richard B. Evans*
RICHARD B. EVANS
Trial Attorney
Public Integrity Section
Criminal Division
United States Department of Justice
1301 New York Ave. NW, 10th Floor
Washington, DC 20004
Richard.B.Evans@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on April 27, 2022, I caused a copy of the foregoing pleading to be filed via ECF and thereby served on counsel of record for all parties.

                                            /s/ *Richard B. Evans*
                                            Trial Attorney
                                            Public Integrity Section
                                            Criminal Division
                                            United States Department of Justice