**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER WHITMAN, | : | |
| | : | |
| Petitioner, | : | Criminal Case No. |
| | : | **1:14-CR-01-001 (WLS)** |
| VS. | : | |
| | : | |
| | : | 28 U.S.C. § 2255 Case No. |
| UNITED STATES OF AMERICA, | : | **1:19-CV-183 (WLS)** |
| | : | |
| Respondent. | : | |
| | : | |

**ORDER**

On August 24, 2022, the Court will hold an evidentiary hearing on Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. (Clerk's Entry, May 13, 2022). Pending before the Court are Respondent's Motion *in Limine* to exclude testimony as to certain of Petitioner's claims (Doc. 512) and Respondent's Motion *in Limine* to exclude testimony from Petitioner's expert witness (Doc. 517). Petitioner filed Responses to both Motions (Docs. 523, 524) and Respondent filed Replies thereto (Docs. 525, 526). Having considered the Motions and the briefing, the Court **grants-in-part** and **denies-in-part** Respondent's Motions as follows.

***Excluding Claims***

Respondent's Motion *in Limine* seeking to exclude claims seeks to do so on two bases. First, Petitioner allegedly raises new claims in his counseled Brief, which new claims Respondent asserts are barred by the Court's Order permitting such counseled Brief. (Doc. 512, pp. 3-6). Second, Petitioner allegedly withdraws or abandons certain claims which Petitioner did not reassert from his initial *pro se* Brief in his counseled Brief. *Id.* at 6-8.

The briefing as to Petitioner's *pro se* Motion to Vacate had concluded when Petitioner retained counsel. (Docs. 466, 474, 475, 476). Petitioner, through counsel, requested the opportunity to file a counseled Brief. (Doc. 477). In permitting Petitioner to file a Brief after

retaining counsel over Respondent's objection (Doc. 478), the Court ordered in relevant part as follows: "Petitioner's brief may not add additional grounds for relief but may withdraw or consolidate grounds for relief previously asserted. Any original ground for relief not briefed by Petitioner's counsel in the new brief shall be deemed to be withdrawn." (Doc. 479).

<u>New Claims</u>

As to the alleged new claims, Respondent argues that Petitioner asserts two new ineffective assistance of counsel claims. (Doc. 512, p. 3). In the first, Respondent argues that Petitioner alleges ineffective assistance of counsel regarding trial counsel's failure to request a continuance of the sentencing hearing. *Id.* In the second, Respondent argues that Petitioner alleges ineffective assistance of counsel regarding trial counsel allegedly permitting an erroneous calculation of the Specific Offense Characteristics. *Id.* In response, Petitioner asserts in relevant part that a sentencing claim was raised in the *pro se* Brief and the argument in the counseled Brief should relate back under Federal Rule of Civil Procedure 15, that he would not intentionally disobey an order of the Court, and that, if the Court intended to have the *pro se* Brief retyped into the counseled Brief, Petitioner would do so. (Doc. 523, p. 1).

As an initial matter, the Court finds that its Order permitting the filing of a counseled Brief was clear: Petitioner could not add additional grounds but could withdraw or consolidate grounds previously asserted, and any original ground not briefed in the counseled Brief would be deemed withdrawn. (Doc. 479). For the reasons which follow, the Court finds that one of Petitioner's claims is new. The Court will preclude testimony as to the new claim for two reasons. First, the new claim violates the Court's Order permitting Petitioner to file a counseled Brief. *Id.* Second, even if the Court were to construe Petitioner's counseled Brief as a motion to amend made pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the new claim fails to relate back to Petitioner's claims in his *pro se* Brief. The Court addresses both of the claims that Respondent asserts are new as follows:

As to alleged ineffective assistance of counsel regarding trial counsel's failure to request a continuance of the sentencing hearing ("Continuance Claim"), Petitioner's *pro se* Brief did not address this allegation. Instead, Petitioner's *pro se* Brief alleges that his trial counsel failed to object to a sentencing failure related to the United States Sentencing Guidelines ("U.S.S.G.") Amendment 790 and U.S.S.G. § 1B1.3. (Doc. 446) (as amended by Doc. 450, p. 24). In his counseled Brief, Petitioner alleges that counsel failed to seek a sentencing continuance related to Specific Offense Characteristic 22 so that Petitioner could benefit from U.S.S.G. Amendment 791, which amended U.S.S.G. § 2B1.1(b)(1)(L). (Doc. 489, pp. 23-26). The Court finds that this Continuance Claim is a new claim, and thus, violates the Court's Order permitting Petitioner to file a counseled Brief.

Respondent asserts in the alternative that the Continuance Claim does not relate back under Rule 15. (Doc. 512, pp. 3-6). The Court finds that Rule 15 is not applicable because Petitioner has not sought leave to amend under Rule 15 but, even if Rule 15 was applicable, Petitioner's Continuance Claim does not relate back.

Petitioner previously filed an amended Motion to Vacate as a matter of course pursuant to Rule 15(a)(1)(B). (Docs. 450, 452). As a result, Petitioner must seek leave to amend his Motion to Vacate pursuant to Rule 15(a)(2). Petitioner has not done so. To be sure, Petitioner asserted in his Reply to Respondent's Response to his counseled Brief that Rule 15 applied. (Doc. 495, pp. 2-5). But simply <u>asserting</u> that Rule 15 applies is not the same as <u>requesting</u> leave of Court pursuant to Rule 15(a)(2). Nowhere in his Reply, filed by counsel, does Petitioner request or seek leave of Court to file an amended Motion to Vacate. Rather, Petitioner requested that the Court hold an evidentiary hearing and that his Motion to Vacate be granted. *Id.* at 8. As a result, a Rule 15 motion to amend is <u>not</u> before the Court and the Court did <u>not</u> grant leave to Petitioner to amend his Motion to Vacate when it permitted Petitioner to file a counseled Brief.

However, even if Petitioner had filed a motion to amend pursuant to Rule 15(a)(2), Petitioner's Continuance Claim would fail to relate back. In motions made under § 2255, there is

a "one-year limitation period that runs ordinarily from the date on which a prisoner's conviction becomes final." *Chin v. United States*, 853 F. App'x 640, 643 (11th Cir. 2021) (per curiam) (citing 28 U.S.C. § 2255(f)(1)). When, as here, "a prisoner amends his section 2255 motion <u>after</u> the expiration of [the] one-year limitation period, claims in the amended motion are time-barred, unless the claim 'relates back' to a claim in the original, timely-filed motion." *Id.* at 644 (citing *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000)).

To relate back, an amended claim must arise "out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]" FED. R. CIV. P. 15(c)(1)(B). Where "the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). However, where "the original claims [are] so vague and indefinite to make it impossible to determine with reasonable certainty whether an 'amended' claim does relate back or not . . . [i]n such instances, concluding the amendment is time-barred is no abuse of discretion." *Chin*, 853 F. App'x at 644.

"Viewed with a high level of generality," Petitioner's *pro se* claim that trial counsel failed to object to a sentencing failure and his counseled claim that trial counsel failed to request a continuance of the sentencing hearing relate to sentencing issues. *Chin*, 853 F. App'x at 645. However, Petitioner's counseled Brief argues that trial counsel should have moved for a continuance to take advantage of a then-yet-to-be-published sentencing guideline amendment, whereas Petitioner's *pro se* Brief argues that the sentencing guidelines were misapplied. To permit Petitioner's counseled claim to proceed based on that high level of generality would permit a claim to proceed without giving "fair notice to the government." *Id.*

Further, to permit relation back because both claims relate at a high level of generality to sentencing would "mean that amendments to a § 2255 motion would almost invariably be allowed even after the statute of limitations had expired, because most § 2255 claims arise from a criminal defendant's underlying conviction and <u>sentence</u>. Such a broad view of 'relation back' would undermine the limitations period set by Congress" in § 2255(f). *Davenport*, 217 F.3d at 1345-46

4

(emphasis added) (quoting *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000)). Thus, the Court finds that the two sets of allegations are not "tied to a common core of operative facts[.]" *Mayle*, 545 U.S. at 664.

Accordingly, Respondent's Motion *in Limine* is **granted** as to Petitioner's claim of ineffective assistance of counsel regarding trial counsel's failure to request a continuance of the sentencing hearing. For clarity, Petitioner shall not be permitted to present evidence relating to Claim 3(I) in his counseled Brief. (Doc. 489, pp. 23-26).

As to alleged ineffective assistance of counsel regarding trial counsel permitting an erroneous calculation of the Specific Offense Characteristics ("Loss Calculation Claim"), in his *pro se* Brief, Petitioner argues that he was held liable for all of the "so-called losses" related to "[a]s many as 12 persons (including companies) [who] benefited from [the] allegedly illegal transactions." (Doc. 446) (as amended by Doc. 450, p. 24). Petitioner further argues that the Government "received substantial benefits from the services provided by [Petitioner's] companies . . . [but] the defense did not present the transaction records . . . to reflect the value the government received." *Id.* In his counseled Brief, Petitioner argues that the loss was incorrectly calculated because the PSR included the profit into the loss calculation. (Doc. 489, p. 26). Considering the deference due to Petitioner as a *pro se* litigant when he filed his *pro se* Brief, the Court finds that Petitioner's *pro se* claim could plausibly be construed as being "tied to a common core of operative facts" with the claim he makes in his counseled Brief. *Mayle*, 545 U.S. at 664. As a result, the Court finds that Petitioner's Loss Calculation Claim is not a new claim.

Accordingly, Respondent's Motion *in Limine* is **denied** as to Petitioner's claim of ineffective assistance of counsel regarding trial counsel permitting an erroneous calculation of the Specific Offense Characteristics to occur. For clarity, the Court denies Respondent's Motion *in limine* as to Claim 3(II) set out in Petitioner's counseled Brief. (Doc. 489, pp. 26-27).

<u>Withdrawn or Abandoned Claims</u>

As to the allegedly withdrawn or abandoned claims, Respondent argues that Petitioner

failed to address the following claims and, thus, withdrew or abandoned them: claims pertaining to jury tampering, misapplication of U.S.S.G. § 1B1.3 at sentencing, ineffective assistance of counsel on appeal, and due process and right to counsel violations. (Doc. 512, pp. 6-8). In response, Petitioner asserts in relevant part that no issue in the *pro se* Brief was abandoned except for the issue relating to bribery, that Petitioner did not read the Court's Order to state that Petitioner was to copy the briefing in the *pro se* Brief and retype it in his counseled Brief, that he would not intentionally disobey an order of the Court, and that, if the Court intended to have the *pro se* Brief retyped into the counseled Brief, Petitioner would do so. (Doc. 523, p. 1). As the Court previously found its Order permitting the filing of a counseled Brief was clear, the Court must now determine whether Petitioner has failed to brief any grounds from his *pro se* Brief in his counseled Brief, and thus, any such claims would be considered withdrawn.

As to claims regarding ineffective assistance of counsel as to jury tampering, Petitioner's *pro se* Brief raises Ground 1.3 relating to trial counsel's failure to raise a claim that a member of the jury had been bribed and also raises Ground 4 relating to trial counsel's failure to present the bribery of a member of the jury to the Court. (Doc. 446, pp. 19, 22-23). In his Reply to Respondent's Response to his counseled Brief, Petitioner explicitly abandons the issues relating to an allegation of juror misconduct concerning bribery of a juror. (Doc. 495, p. 6). Accordingly, the Court finds that Ground 1.3 and Ground 4 from Petitioner's *pro se* Brief have been **abandoned**.

As to claims regarding misapplication of U.S.S.G. § 1B1.3 at sentencing, Petitioner's *pro se* Brief raises Ground 3 relating to trial counsel's failure to object to the erroneous application of U.S.S.G. § 1B1.3 pursuant to U.S.S.G. Amendment 790. (Doc. 446) (as amended by Doc. 450, p. 24). Petitioner's counseled Brief makes no reference to either U.S.S.G. § 1B1.3 or U.S.S.G. Amendment 790. Accordingly, the Court deems Ground 3 from Petitioner's *pro se* Brief **withdrawn**.

As to claims regarding ineffective assistance of counsel on appeal, Petitioner's *pro se* Brief raises Ground 5 relating to ineffective assistance of appellate counsel for the failure to raise on

appeal the bribery of a juror. (Doc. 446, pp. 23-24). In his Reply to Respondent's Response to his counseled Brief, Petitioner explicitly abandons the issues relating to an allegation of juror misconduct. (Doc. 495, p. 6). Accordingly, the Court finds that Ground 5 from Petitioner's *pro se* Brief has been **abandoned**.

As to claims regarding due process and right to counsel violations, Petitioner's *pro se* Brief raises Ground 6.1 relating to the failure to address a post-notice-of-appeal Rule 33 motion, and also raises Ground 6.2 relating to a conflict of counsel which violated the Sixth Amendment because Petitioner was not permitted to represent himself, either at trial or on appeal, or to choose his own counsel. (Doc. 446, pp. 25-28). Petitioner's counseled Brief makes no reference to either a post-notice-of-appeal Rule 33 motion or to Petitioner being forced to accept representation against his wishes.[1] Accordingly, the Court deems Ground 6.1 and Ground 6.2 from Petitioner's *pro se* Brief **withdrawn**.

Accordingly, Respondent's Motion *in Limine* is **granted** as to abandoned or withdrawn claims. For clarity, Petitioner shall not be permitted to present evidence relating to Grounds 1.3, 3, 4, 5, 6.1, or 6.2 set out in Petitioner's *pro se* Brief. (Doc. 446, pp. 19, 22-28) (as amended by Doc. 450, p. 24).

### *Excluding Expert Testimony*

As to Respondent's Motion *in Limine* seeking to exclude testimony from Petitioner's expert witness, Respondent argues that determining whether counsel rendered ineffective assistance of counsel is not a matter subject to expert testimony. (Doc. 517, p. 1) (citing *Freund v. Butterworth*, 165 F.3d 839, 863 n.34 (11th Cir. 1999) (en banc)). Respondent also asks the Court to strike Petitioner's expert's report. *Id.* at 3 n.1. In response, Petitioner asserts that the Court would benefit from the putative expert's specialized knowledge of legal ethics and that his testimony will not go to the ultimate issue in this matter. (Doc. 524). Petitioner does not address Respondent's

---

[1] The Court notes that Petitioner's counseled Brief makes a different Sixth Amendment violation argument relating to allegedly conflicted counsel. (Doc. 489, pp. 9-20). However, those grounds do not relate to Petitioner being forced to continue with counsel against his wishes.

request to strike Petitioner's expert's report.

In *Freund*, the Eleventh Circuit stated that "[p]ermitting 'expert' testimony to establish ineffective assistance is inconsistent with [the Court's] recognition that the issue involved is a mixed question of law and fact that the court decides." *Freund*, 165 F.3d at 863 n.34. Further, "the reasonableness of a strategic choice is a question of law to be decided by the court, not a matter subject to factual inquiry and evidentiary proof." *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998) (referencing *Jackson v. Herring*, 42 F.3d 1350 (11th Cir. 1995), *Horton v. Zant*, 941 F.2d 1449 (11th Cir. 1991), and *Bundy v. Wainwright*, 808 F.2d 1410 (11th Cir. 1987)).

Because that is so,

> it would not matter if a petitioner could assemble affidavits from a dozen attorneys swearing that the strategy used at his trial was unreasonable. The question is not one to be decided by plebiscite, by affidavits, by deposition, or by live testimony. It is a question of law to be decided by the state courts, by the district court, and by [the Eleventh Circuit], each in its own turn.

*Id.*

Further, even if an expert said that they would have done otherwise or that the strategy employed by a defense attorney was unreasonable, "it would establish only that two attorneys disagreed about trial strategy, which is hardly surprising. After all, '[t]here are countless ways to provide effective assistance in any given case,' and '[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Id.* at 1331 (alterations in original) (first quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984); and then citing *Waters v. Thomas*, 46 F.3d 1506, 1522 (11th Cir. 1995) (en banc)).

Because the question of reasonableness of trial counsel's trial strategy is a question to be decided by the Court, the Court **grants** Respondent's Motion *in Limine* (Doc. 517) seeking to preclude testimony from Petitioner's expert witness. Petitioner shall not elicit testimony from Matthew Kaiser at the evidentiary hearing. The Court also **grants** Respondent's request regarding Petitioner's expert report. That is, the Court will not consider Document 489-12.

## CONCLUSION

Accordingly, for the reasons previously stated, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Respondent's Motion *in Limine* (Doc. 512). Petitioner shall not present evidence at the evidentiary hearing related to Claim 3(I) set out in his counseled Brief. Further, Petitioner shall not present evidence at the evidentiary hearing related to Claims 1.3, 3, 4, 5, 6.1, and 6.2 set out in his *pro se* Brief.

For the reasons previously stated, the Court **GRANTS** Respondent's Motion *in Limine* (Doc. 517). Petitioner shall not present expert testimony from Matthew Kaiser at the evidentiary hearing. Further, the Court will not consider Petitioner's expert report (Doc. 489-12) when considering Petitioner's Motion to Vacate.

**SO ORDERED,** this 16th day of June, 2022.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE